LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
BRIAN NEACH (State Bar No. 242801)
bneach@millerbarondess.com
FARBOD S. MORIDANI (State Bar No. 251893)
fmoridani@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400

Attorneys for Los Angeles County, the Department of Children and Family Services, Brandon Nichols, the Department of Mental Health, Lisa Wong

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

OCEAN S.; JACKSON K.; ROSIE S.; ERYKAH B.; JUNIOR R.; and ONYX G. , by and through her next friend Craig Schultz, individually and on behalf of others similarly situated,

Plaintiffs,

v.

LOS ANGELES COUNTY; LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES; BRANDON NICHOLS, Director of the Los Angeles County Department of Children and Family Services; LOS ANGELES DEPARTMENT OF MENTAL HEALTH; LISA WONG, Director of the Los Angeles County Department of Mental Health; CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES; MARK GHALY, Secretary of the California Health and Human Services Agency; CALIFORNIA DEPARTMENT OF SOCIAL SERVICES; and KIM JOHNSON, Director of the California Department of Social Services, MICHELLE BAASS,

Defendants.

**CASE NO. 2:23-cv-06921-JAK-E**

*Assigned to the Hon. Judge John A. Kronstadt*

Courtroom 10B

**COUNTY DEFENDANTS' RESPONSE TO NOTICE OF RELATED CASES PURSUANT TO CENTRAL DISTRICT LOCAL RULE 83-1.3.3**

*Filed Concurrently with Declaration of Farbod S. Moridani*

Defendants Los Angeles County (the "County"), the Department of Children and Family Services ("DCFS"), Brandon Nichols, in his capacity as Director of DCFS, the Department of Mental Health ("DMH"), and Lisa Wong, in her capacity as Director of DMH (together, the "County Defendants") respectfully submit this Response to Plaintiffs' Notice of Related Cases (Dkt. No. 4 (filed Aug. 22, 2023 (the "Notice").)

## I. <u>THIS ACTION SHOULD NOT HAVE BEEN TRANSFERRED</u>

This case was transferred from the Honorable Mark C. Scarsi to the Honorable John A. Kronstadt on the grounds that it "[c]all[s] for determination of the same or substantially related or similar questions of law and fact" as a separate, decades-old lawsuit styled *Katie A., et al. v. Bonta, et al.*, 02-cv-05662-JAK-FFMx ("*Katie A.*"). (Order re Transfer (Related Cases), Dkt. No. 16 (entered Aug. 28, 2023).) That action was taken before the County Defendants were served with the Complaint, before the County Defendants were served with the Notice, and without giving the County Defendants an opportunity to respond as required under the Local Rules.

Under Local Rule 83-1.3.1, any notice of related case "must be served on all parties who have appeared in the case and ***concurrently with service of the complaint***" (emphasis added). Then, "[w]ithin five days of receiving service of a Notice of Related Cases, . . . any party to the case may file and serve a short statement setting forth reasons that the case does not qualify as a related case under these rules." C.D. Cal. Loc. R. 83-1.3.3. None of these procedures was followed here.

Plaintiffs withheld service of the Notice for weeks after filing it. The Notice was filed on the same day as their Complaint—August 22, 2023. (Dkt. No. 4.) Plaintiffs served the Complaint, along with other documents, on the County on August 31, 2023. (Declaration of Farbod Moridani ("Moridani Decl.") ¶ 6 & Ex, A.) Plaintiffs excluded the Notice from the materials they served. (*Id.*) The

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

remaining County Defendants were not served with the Complaint until weeks later—September 12, 2023. (*Id.* ¶ 12.) None of the County Defendants was served with the Notice of Related Cases until September 13, 2023—more than three weeks after it was filed and more than two weeks after the case had already been transferred to this Court based on the representations Plaintiffs made in the Notice. (*Id.* ¶¶ 13-14.)

The County Defendants respectfully submit that this action should not have been transferred before they were served with the Notice—and certainly not before the County had an opportunity to address the representations made in the Notice, including the representation that both cases involved the same "questions of fact and law at issue." (Notice at 5.) They do not. *Ocean S.* and *Katie A.* do not "call for determination of the same or substantially related or similar questions of law and fact." C.D. Cal. Loc. R. 83-1.3.1(b). They are not related.

## II. ***OCEAN S.* AND *KATIE A.* ARE NOT RELATED**

The only thing *Ocean S.* and *Katie A.* share in common is that both cases generally pertain to the child and family welfare system in the County of Los Angeles and that some of the causes of action are labeled the same. That does not mean that both cases involve substantially the same questions of law or fact. They do not.

Mere overlap is not enough to deem two cases related. *Enloe Med. Ctr. v. Norris Cochran, Acting Sec'y of U.S. Dep't of Health & Human Servs*, No. CV 20-9278-CBM-(SPx), 2021 WL 11707530, at *2 (C.D. Cal. Feb. 26, 2021) (despite "overlap" of certain plaintiffs and defendants, finding cases not related where they "involve review of different administrative records"). "[C]ases are not related . . . [where] [t]hey concern different plaintiffs, acts of [mis]conduct, . . . and counts." *U.S. Rubber Recycling, Inc. v. Encore Int'l, Inc.*, No. CV 09-09516 SJO (OPx), 2011 WL 311014, at *12 (C.D. Cal. Jan. 7, 2011) (third alteration in original); *see also Hodges v. Akeena Solar, Inc.*, Nos. CV 09-02147 JW, CV 10-02735 JF, 2010

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

WL 2756536, at *1 (N.D. Cal. July 9, 2010) (cases are not related where they involve differing "legal claims, defendants, and procedural posture").

Here, the overlap is minimal. Plaintiffs admit that "*Katie A.* and the present matter are in entirely different procedural postures . . . ." (Notice at 5.) There is no dispute that the two cases involve completely different plaintiffs. There is no dispute that *Ocean S.* involves multiple defendants who are not parties in *Katie A.* There is no dispute that the putative class in *Ocean S.* is different in form, substance, and scope than the one certified in *Katie A* twenty years ago. (*Id.* at 5.) There is no dispute that the two cases involve completely different timeframes or that the allegations concern events separated by more than two decades. (*Id.*) Indeed, the only commonality proposed in the Notice is that the two cases involve some of the same defendants and some of the same claims, including "alleged violations of AACWA [Adoption Assistance and Child Welfare Act], the Medicaid Act, the ADA, and Section 504." (*Id.*)

Not even that is correct. Contrary to Plaintiffs' representation, the operative complaint in *Katie A.* does not allege violation of the AACWA. (*See* Moridani Decl. Ex. D.) It makes no reference at all to the statute and contains no allegations of noncompliance with statutory case plan requirements for foster youth. Indeed, half of the causes of action asserted in *Ocean S.*—violation of the AACWA, procedural due process, and the right to familial association—and the factual basis from which these claims arose were not asserted in *Katie A.* at all.

Even as to causes of action that share the same label in both complaints, the factual bases are different. The gravamen of Plaintiffs' complaint in this action is that defendants have failed to provide permanent placements to youth transitioning out of foster care and services needed to support them in that transition. (*See, e.g.*, Compl. ¶ 3.) The type of injury alleged includes *post-foster care* "homelessness," "poverty," and barriers to transition age foster youth reunifying with their own children. (*Id.* ¶¶ 6-12.)

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

The focus of *Katie A.* was very different—namely, that the County relied too extensively on group homes (such as the MacLaren Children's Center) to house children and youth entering or remaining in foster care. (Moridani Decl. Ex. D ¶¶ 45-50.) The type of injury alleged was lack of access to mental health services in a residential setting, too much placement change, and excessive reliance on removal. (*Id.* ¶ 47.)

*Ocean S.* and *Katie A.* do not involve substantially the same questions of law or fact. To the contrary, they are quite different; and deeming them related poses a significant risk of confusing two distinct cases raising distinct issues that are separated by time, posture, and substance.

All of this would have been explained had the County Defendants been properly served with the Notice. Unfortunately, they were not served until long after this Court had already ordered transfer.[1] The County Defendants respectfully request that the transfer be reversed given that the asserted basis for it—that the cases involve substantially the same questions of law and fact—does not apply.

///

///

///

[1] It is unclear why Plaintiffs withheld service of the Notice for so long or why they specifically excluded that document from the materials served on the County. The fact that Plaintiffs in *Ocean S.* are represented by the same attorney who represents the Katie A. Advisory Panel (the "Panel") in *Katie A.* raises additional concerns. As the Court is aware, the Panel has been a vocal opponent of the parties' settlement agreement in that case and continues to advocate that the lawsuit should not come to a close. To the extent the Notice may have been an attempt to influence this Court's deliberations as to final approval of the parties' settlement agreement in that case, it was improper.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

DATED: September 18, 2023

Respectfully Submitted,

MILLER BARONDESS, LLP

By: /s/

FARBOD S. MORIDANI
Attorneys for Los Angeles County, the Department of Children and Family Services, Brandon Nichols, the Department of Mental Health, and Lisa Wong

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400