1
2
3
4
5

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION (LOS ANGELES)

| | |
|---|---|
| OCEAN S., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>LOS ANGELES COUNTY, et al.,<br><br>　　　　Defendants. | Case No. 2:23-cv-06921-JAK-E<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Before: Magistrate Judge Charles F. Eick |

## I. PURPOSES AND LIMITATIONS

Discovery activity in the above-captioned action (the "Action") is likely to involve production of confidential and private information. On November 20, 2023, this Court determined that the protection of the individual Plaintiffs' identities is warranted and issued an order allowing them to proceed using pseudonyms. The Court ordered the Parties to meet and confer regarding a protective order to protect the individual Plaintiffs' identities from disclosure. Accordingly, the Parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order ("Order"). The Parties have agreed to be bound by the terms of this Order in this Action to facilitate discovery and to protect the respective interests of the Parties or interested non-parties in their confidential or private information. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to Protected Material, as herein defined.

The Parties further acknowledge, as set forth in Section IX, below, that this Order does not entitle them to file confidential information under seal; Local Rule 79-5 and this Court's civil standing order set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

Nothing in this Order authorizes the Parties to disclose non-parties' Protected Material without compliance with applicable laws.

## II. GOOD CAUSE STATEMENT

There is good cause for this Order. This action is likely to involve confidential personal data for which special protection from public disclosure is warranted. The individual Plaintiffs and purported class members are youth aged 16-21 who are or were in foster care under the jurisdiction of the Los Angeles County Juvenile court and the care and supervision of the DCFS pursuant to Cal. Welf. & Inst. Code § 303. This Action is likely to involve official child welfare records and Juvenile Court

records that are confidential pursuant to Cal. Welf. & Inst. Code § 827 and § 10850. Those records likely will include personally identifiable information, as well as other potentially confidential information such as education records, and medical and mental health records for youth involved in the foster care system and their families. This Action is also likely to involve disclosure of records or information that is generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  This action also may involve juvenile court records, juvenile case files, education records, medical records, mental health records, public social services records, and other confidential records of transition age youth involved in the foster care system and their families.  This action is also likely to involve disclosure of records deemed confidential pursuant to several laws and regulations including, but not limited to, Cal. Welf. & Inst. Code §§ 362.5, 827, 5328, and 10850, Cal. Civ. C. §§ 56.10, et seq., Cal. Civ. Code section 1798 et seq. (the Information Practices Act of 1977), Cal. Health & Safety Code section 11845.5, Cal. Education Code sections 49075 & 49076, and 45 C.F.R. §§ 160.103 and 164.512(e) of the Privacy Regulations issued pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the federal Drug Abuse Office and Treatment Act of 1972 (PL 92–255), the federal Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act of 1970 (PL 91–616), and the federal Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

The Parties agree that disclosure of confidential juvenile court records in this litigation may require the parties to seek relief before the relevant juvenile courts, which relief the Parties shall seek, if appropriate, in compliance with applicable statutes, including but not limited to Cal. Welfare and Institutions Code Section 827. Accordingly, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such

material in preparation for and in the conduct of trial, to address the Parties' handling of such material at the end of the litigation, to provide the Parties with the ability to prepare their claims and defenses and identify relevant records, to facilitate the exchange of information and discovery, and to protect the confidentiality interests of Plaintiffs and the putative class they purport to represent, as well as interested non-parties, a protective order is warranted at this time.

**III.   DEFINITIONS**

    3.1   <u>Personally Identifiable Information</u>:  All "information that identifies, relates to, describes, or is capable of being associated with, a particular individual, including, but not limited to, his or her name, signature, social security number, physical characteristics or description, address, telephone number, passport number, driver's license or state identification card number, insurance policy number, education, employment, employment history, bank account number, credit card number, debit card number, or any other financial information, medical information, or health insurance information." Cal. Civ. Code § 1798.80(e).  Personally Identifiable Information does not include publicly available information that is lawfully made available to the general public from federal, state, or local government records or otherwise, provided the use of any publicly available information in this Action is done in compliance with the Court's Order on Plaintiffs' Motion for Leave to Proceed Using Pseudonyms (Dkt. 47).

    3.2   <u>Confidential Information</u>:  All Personally Identifiable Information of Plaintiffs, putative and certified class members, and other individuals; information that qualifies for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement; and any other information that is protected or restricted from disclosure by statute or regulation, but which a party is seeking in connection with this case, including without limitation the provisions of Cal. Welf. & Inst. Code sections 362.5, 827, 5238 and 10850, Cal. Civ. Code sections 56.10 et seq. and 1798 et seq., Cal. Health & Safety Code § 11845.5, Cal.

Education Code §§ 49075 & 49076, 45 C.F.R. §§ 160.103 and 164.512(e) of HIPAA, the federal Drug Abuse Office and Treatment Act of 1972 (PL 92–255), the federal Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act of 1970 (PL 91–616), and the federal Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g.

     3.3    <u>Discovery Material:</u> All information (regardless of how it is generated, stored or maintained) that is produced or generated in discovery in this matter, including written discovery responses.

     3.4    <u>Party</u>: Any party to this Action, collectively the Parties.

     3.5    <u>Privileged Material</u>: Discovery Material that is protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or doctrine.

     3.6    <u>Protected Material</u>: All Discovery Material that is Personally Identifiable Information or Confidential Information. If a Party determines that information not defined as Protected Material should be covered by this Order, the Parties shall negotiate the appropriateness of that request in good faith and endeavor to resolve any dispute prior to the production of that information. Nothing herein shall waive or limit a Party's right to seek additional relief as to the scope of what constitutes Protected Material.

     3.7    <u>Qualified Person</u>: A "Qualified Person" as defined in Section 8.2.

**IV.   SCOPE**

This Order authorizes the Parties to:

1)    Designate Protected Material as subject to the terms, limitations and requirements of this Order;

2)    Disclose and/or produce Protected Material in this Action, upon compliance with this Order.

To the extent that HIPAA, FERPA, and the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act of 1970 allow the

disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information.

The Parties acknowledge that other confidentiality protections, including but not limited to Cal. Welf. & Inst. Code § 827, may apply to Protected Material.  This Protective Order is not intended to resolve any other confidentiality issues and the Parties explicitly reserve their right to bring disagreements regarding the applicability or requirements of other confidentiality protections to the Court at a later date.

The protections conferred by this Order cover not only Protected Material, but also (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Order is subject to the Local Rules of this District, the Court's civil standing order, and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.  Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial and does not serve to waive any evidentiary objections to production or introduction of Protected Material made prior to or during trial.

**V.   DURATION**

The terms of this Order shall survive the termination of the Action after its final disposition for purposes of enforcing this Order.  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing, if legally permissible, or a court order otherwise directs.

**VI.   DESIGNATING PROTECTED MATERIAL**

6.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party that designates information or items for protection under this Order must

take care to limit any such designation to Protected Material. The designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited unless required by law. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating Party to sanctions.

If it comes to a designating Party's attention that information or items that it designated for protection do not qualify for protection, that designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Protected Material must be clearly so designated before the material is disclosed or produced. Protected Material may be designated by the Parties in one or more of the following ways:

(a)   For documents (apart from transcripts of depositions or discovery responses), the producing Party shall affix "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" on each page that contains Protected Material in a conspicuous size and location on the page but without interfering with legibility. If only a portion or portions of the material on a page qualifies for protection, the producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A producing Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be

deemed Confidential Information. After the inspecting Party has identified the documents it wants copied and produced, the producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing Party must affix "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" to each page that contains Confidential Information. If only a portion or portions of the material on a page qualifies for protection, the producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   (b) For written discovery responses, the producing Party shall affix "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" next to or above any response that contains Protected Material.

   (c) If Protected Material is produced in a format rendering it impractical to label (e.g., electronically stored information produced in native format or on electronic media), a producing Party may designate such item as Protected Material by (1) notifying the receiving Party in a cover letter to the production, (2) affixing "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" to the outside of the electronic media on which the material is stored, or (3) if applicable, by providing the appropriate designation as a field within the related load file.

   (d) For transcripts of deposition testimony, all such testimony shall be deemed Protected Material only if designated as such. Such designation shall be specific as to the portions to be designated "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." Depositions, in whole or in part, shall be designated on the record as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" at the time of the deposition. Deposition testimony so designated shall remain Protected Material until thirty (30) days after delivery of the final transcript by the court reporter. The Party who wishes to designate deposition testimony as Protected Material shall, within thirty (30) days after the court reporter issues the final transcript of the deposition, identify in writing to the other Party or Parties the specific portions of the

testimony designated by page and line number for which protection is sought. Only those portions of deposition testimony designated in writing in accordance with this subsection shall remain covered by this Order. The failure to identify in writing the portions of deposition testimony designated shall waive the "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" designation made on the record of the deposition. In no event shall the rights of non-parties be waived solely by the failure of a producing Party to designate Protected Material pursuant to this Order.

6.3     <u>Inadvertent Failures to Designate</u>.  Inadvertent failure to designate information or items as Protected Material does not, standing alone, waive a Party's right to secure protection under this Order for such material, so long as such failure is corrected within a reasonable time after discovery by the Party. If a Party inadvertently fails to designate material as Protected Material at the time of production, it shall take reasonable steps to notify the receiving Party of its failure within five (5) court days of discovery of the inadvertent failure to designate. The designating Party shall promptly supply the receiving Party with new copies of any documents bearing corrected confidentiality designations. Except in the event that the receiving Party disputes the claim, any documents the producing Party deems to have been inadvertently disclosed shall be, within five (5) court days, returned or destroyed, and the receiving Party shall provide a written certification of counsel that all such disclosed information has been returned or destroyed. Where a receiving Party disputes the claim, the affected Discovery Material shall be treated as Protected Material until the dispute is resolved by court order. In no event shall the rights of non-parties be waived solely by the failure of a producing Party to designate Confidential Information and Protected Material.

6.4     <u>Claw Back of Produced Privileged Material</u>.  If corrected within a reasonable time, the production, whether inadvertent or otherwise, of Privileged Material shall not constitute a waiver of any applicable privilege or doctrine

protecting such material from disclosure. In no event shall the rights of non-parties be waived by the failure of a producing Party to correct an improper disclosure.

Upon identification of any inadvertently produced information and/or documents, the producing Party shall provide the receiving Party written notification identifying the document or information that has been inadvertently disclosed and stating the privilege under which the document or information is allegedly protected. If a producing Party or non-party notifies the receiving Party that Privileged Material has been produced, the receiving Party shall, within three (3) business days, (a) promptly destroy the Privileged Discovery Material or return the Privileged Material to the producing Party, (b) use its best efforts to retrieve all copies of the inadvertently disclosed document that the receiving Party disclosed to other persons or entities, and (c) delete the Privileged Material (and all paper and electronic copies) from any systems used to house the documents, including document review databases, e-rooms, email accounts, and any other location that stores the documents).

If the receiving Party disagrees with the contention that the Privileged Material is protected from disclosure, the receiving Party may move the Court for an order compelling production of the Privileged Material, which motion shall be filed under seal, and shall not assert as a ground for entering such an order the fact or circumstances of the production.

The receiving Party may make no use of the Privileged Material during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents are later designated by a court as not privileged or protected.

Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the producing Party that such materials have been produced.

## VII. CHALLENGING DESIGNATIONS

A receiving Party may challenge the designation of Protected Material by giving counsel for the designating Party written notice listing the Protected Material the receiving Party challenges and explaining, briefly, the factual and legal basis for the receiving Party's belief that the Protected Material should not be designated Protected Material. Such written notice shall be provided to the producing Party not later than sixty (60) days after the receiving Party received the Protected Material at issue. The Parties shall attempt to resolve each challenge in good faith and must begin a meet and confer process under Local Rule 37-1, et. seq., or under procedures otherwise laid out by the Court. If the Parties cannot agree on the designation of any Protected Material within thirty (30) days after counsel for the receiving Party sends such written notice, the receiving Party may file a motion seeking resolution of the issue with the Court, subject to the provisions of this Order governing the filing of Protected Material. The burden of persuasion in any such challenge proceeding will be on the designating Party. Frivolous challenges to a designation, and those made for an improper purpose (e.g., to harass or to impose unnecessary expenses and burdens on other parties), may expose the challenging Party to sanctions. Unless the designating Party has waived or withdrawn the designation of Protected Material, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the producing Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 <u>Basic Principles</u>. A receiving Party may use Protected Material that is disclosed or produced in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Nothing in this Order shall prevent the disclosure of Protected Material to counsel for the Parties for use in this case.

Protected Material must be stored and maintained by a receiving Party at a location in a secure manner that ensures that access is limited to the persons authorized under this Order. When the Action has been terminated, a receiving Party must comply with the provisions of Section XII below.

8.2  **Disclosure of Protected Material**. Unless otherwise ordered by the Court or permitted in writing by the designating Party, a receiving Party may disclose any Protected Material only to the following Qualified Persons:

(a)  The Court, its personnel, and court reporters and videographers covering depositions or other testimony;

(b)  The Parties, including individually named Plaintiffs to this Action and anyone appointed as a next friend or guardian ad litem in this Action for any named Plaintiff;

(c)  Defendants' counsel in this Action, and any employed or contracted support staff and other contractors or employees of such counsel with an appropriate need to know, including litigation assistants, paralegals, information technology, information or records management, investigative, secretarial, or clerical personnel;

(d)  Attorneys employed by any Defendant to this Action, and their employees or contracted support staff with an appropriate need to know, including litigation assistants, paralegals, information technology, information or records management, investigative, secretarial, or clerical personnel, on the condition that these individuals will review the Court's Order on Plaintiffs' Motion to Proceed with Pseudonyms (Dkt. 47) prior to the receipt of any Protected Material;

(e)  Plaintiffs' counsel in this Action and any employed or contracted support staff and other contractors or employees of such counsel assisting in this Action with an appropriate need to know, including litigation assistants, paralegals, information technology, information or records management, investigative, secretarial, or clerical personnel;

(f) Any other person who, in the absence of this Order, would be qualified by statute or regulation to receive or review Protected Material;

(g) Any Party employee or non-party who has a legitimate need to have access to the Protected Material in order to perform legitimate job functions, support a Party's defenses or claims in this Action, or testify in this action (whether in deposition or at trial);

(h) Any experts or consultants retained for this Action by counsel to a Party or support staff or employees for such an expert or consultant with an appropriate need to know; and

(i) Any mediator or neutral third party mutually agreed upon by the parties, as well as any employees or support staff for such mediator or neutral third party who have a legitimate need related to this case to have access to the Protected Material.

All Qualified Persons to whom Protected Material designated under this Order is disclosed are hereby prohibited from disclosing to, or otherwise discussing with, any person other than those other Qualified Persons, such designated material except as otherwise provided in this Order.

All persons listed in subparagraphs 8.2(g)-(h) to whom Protected Material is disclosed shall first be required to read the terms of this Order and sign a copy of the "Acknowledgement and Agreement to Be Bound" form, attached hereto as Exhibit A. Notwithstanding any other provision of this order, any Party employee or non-party who has a legitimate need to have access to the Protected Material in order to perform legitimate job functions is not required to sign Exhibit A if they are already in possession of or have access to Protected Material in the course and scope of their employment and are not aware of the identity of the individual Plaintiffs in their capacity as Plaintiffs. Further, no person shall be required to sign Exhibit A more than once.

If counsel for any Party is required by law or court order to disclose, disseminate, or transmit Protected Material produced under this Order to any person

or entity not identified herein as a Qualified Person, the name of that person or entity and the reason access is required shall be provided to counsel for the Parties no less than fourteen (14) days prior to disclosure, dissemination, or transmittal, so as to provide the designating Party sufficient time to object and seek a protective order as necessary. There shall be no disclosure after an objection has been made until the dispute has been resolved unless disclosure, dissemination, or transmission is required by law or a court order. For avoidance of doubt, the service of a subpoena shall not on its own satisfy this requirement. Any person, entity, or organization who receives Protected Material pursuant to this paragraph shall be provided with a photocopy of this Order, shall sign a copy of the "Acknowledgment and Agreement to be Bound" form, and shall abide by all the terms and conditions set forth herein unless otherwise permitted by a court order.

**IX.   FILING OF PROTECTED MATERIAL**

In the event a Party wishes to use any Protected Material to move the Court to resolve a matter arising from litigating this Action only, or to oppose such motion, such pleading shall be filed in accordance with Local Rule 79-5 and the Court's civil standing order. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal. If a Party's request to file Protected Material under seal is denied by the Court, then the receiving Party may file the information in the public record unless otherwise instructed by the Court. Nothing in this Order shall be taken to authorize disclosure of information barred from disclosure pursuant to Local Rule 79-5.

**X.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the receiving Party must immediately, and in no event more than five (5) days from learning of such disclosure: (a) notify the designating Party in writing of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" form.

## XI. NON-PARTY'S PROTECTED MATERIAL

11.1   <u>Basic Principles</u>.  The terms of this Order are applicable to information produced by a non-party in this Action and designated as "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."  Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

11.2   <u>Disclosure of Non-Party's Protected Material</u>.  In the event that a Party is required by a valid discovery request to produce a non-party's confidential information in its possession, and the Party is subject to a contractual agreement with the non-party not to produce the non-party's confidential information, or the non-party's confidential information is otherwise protected by statute, then the Party will:

(a)   Promptly notify in writing the Requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party or is otherwise protected by statute;

(b)   Promptly provide the non-party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)   Make the information requested available for inspection by the non-party, if requested.

If the non-party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the receiving Party may produce the non-party's confidential information responsive to the discovery request.  If the non-party timely seeks a protective order, the Receiving Party will

not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court. Absent a court order to the contrary, the non-party will bear the burden and expense of seeking protection in this court of its Protected Material.

Nothing in Section 11.2 shall authorize the disclosure of non-parties' Protected Material that is confidential or otherwise protected from disclosure by operation of law. The parties explicitly reserve their right to bring disagreements regarding the applicability or requirements of confidentiality protections or other protections to the Court at a later date.

## XII. FINAL DISPOSITION

After final termination of this lawsuit (including any appeals), counsel for the producing Party may request the destruction or return of all Protected Material in the possession of the receiving Party. Once such a request has been made, within thirty (30) days from the date of receiving such a request, the receiving Party shall destroy or return to counsel for the producing Party the Protected Material that was provided by the producing Party. If the receiving Party already had the original or a copy of the Protected Material independent of this Action and as part of its official duties and as entitled/authorized by statute/law, the receiving Party is not required to destroy or return the Protected Material. In addition, counsel for the receiving Party shall provide a written statement to counsel for the producing Party certifying that all Protected Material designated by the producing Party, including any copies thereof, have been returned to the producing Party or destroyed, provided, however, that counsel for the receiving Party may retain (i) any attorney work product; and (ii) copies of any pleadings, motions, briefs, declarations, affidavits, and deposition transcripts that contain, attach, or append Protected Material, but only to the extent necessary to preserve a file with respect to this lawsuit. Nothing in this paragraph shall require the deletion of information in litigation counsel's email maintained under their usual confidentiality practices.

## XIII. MISCELLANEOUS

13.1   Nothing in this Order shall be construed as a waiver of any defense, right or claim by either Party, nor shall this Order affect the right of either Party to seek additional protection against the disclosure of any information, documents or materials, or of the Parties to seek additional disclosures.

13.2   Nothing in this Order shall be construed as a waiver of any right to otherwise object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use as evidence any of the material covered by this Order.

13.3   Counsel for the party designating any document as Protected Material may, at its option and without Court approval, agree to release any of the Party's own Protected Material from the requirements of this Order, except to the extent such disclosure is otherwise prohibited by applicable law or the material at issue contains or reflects Protected Material of a non-party or other Party.

13.4   Nothing in this Order shall limit or in any way restrict Defendants' agents and employees from discussing the cases of individuals whose Protected Material is protected by this Order or disclosing Protected Material in order to carry out their legitimate job functions.  Nothing in this Order shall restrict Defendants from performing statutory obligations or statutorily authorized functions as they pertain to such individuals, and Defendants may not be held liable for executing such authority in ordinary course, notwithstanding this Order

13.5   Nothing in this Order restricts a Party or counsel from using or disclosing: (1) publicly available information or (2) Protected Material that lawfully came into the possession of the Party independent of any disclosure, exchange, or production of Protected Material in this lawsuit.  Any use of publicly available information or Protected Material in this Action must be done in compliance with the protections of the Court's Order on Plaintiffs' Motion for Leave to Proceed Using Pseudonyms (Dkt. 47).

1    13.6  This Order shall not preclude Plaintiffs' Counsel from using the information obtained through discovery production to contact members of a putative or certified class in this Action for purposes of this case.

   13.7  The Parties may seek to modify this Order through a written agreement signed by counsel for all Parties and approved by the Court. In the event that all Parties do not agree to a proposed modification, each Party reserves the right to seek leave of the Court to modify this Order.

   13.8  This Order shall be binding upon any present or future party to the *Ocean S. et al. v. Los Angeles County, et al.*, No. 2:23-cv-06921-JAK-E (C.D. Cal.)

   13.9  Within seven (7) court days of entry of this Order, Counsel for Plaintiffs shall reveal to Counsel for Defendants the name, mother's maiden name (if available), and date of birth of each named Plaintiff. Such information shall be deemed Protected Material unless and until an order of the Court determines otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: December 22, 2023

By: */s/ Grant A. Davis-Denny*
Grant A. Davis-Denny
grant.davis-denny@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
*Attorney for Plaintiffs*

Dated: December 22, 2023

By: */s/ Farbod S. Moridani*
Farbod S. Moridani (SBN 251893)
fmoridani@millerbarondess.com
Miller Barondess, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067

|  |  |
|---|---|
|  | Telephone: (310) 552-4400 |
|  | Facsimile: (310) 552-8400 |
|  | *Attorney for County Defendants* |
| Dated: December 22, 2023 | By: */s/ Andrew Z. Edelstein* |
|  | Andrew Z. Edelstein |
|  | andrew.edelstein@doj.ca.gov |
|  | California Department of Justice |
|  | 300 S Spring St, Ste 1702 |
|  | Los Angeles, CA 90013-1256 |
|  | Deputy Attorney General |
|  | *Attorney for State Defendants* |
| Pursuant to Local Rule 5-4.3.4(a)(2)(i), I certify that all of the above signatories concur in this filing's content and have authorized the filing. | By: */s/ Grant A. Davis-Denny* |
|  | Grant A. Davis-Denny |
|  | grant.davis-denny@mto.com |
|  | MUNGER, TOLLES & OLSON LLP |
|  | 350 South Grand Avenue, Fiftieth Floor |
|  | Los Angeles, California 90071-3426 |
|  | Telephone: (213) 683-9100 |
|  | Facsimile: (213) 687-3702 |
| Dated: December 22, 2023 | *Attorney for Plaintiffs* |

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: 12/27/2023

/s/ Charles F. Eick
───────────────────────────
United States Magistrate Judge Charles F. Eick

-18-

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I _____, am aware of the litigation in *Ocean S. et al. v. Los Angeles County, et al.*, No. 2:23-cv-06921-JAK-E (C.D. Cal.) in the capacity of _____. I do solemnly swear or aver that I am fully familiar with the terms of the Stipulated Protective Order ("Protective Order") in the above referenced matter and hereby agree to comply with and be bound by its terms and conditions unless and until it is modified by further Order of the United States District Court for the Central District of California ("Court"). I understand that any Protected Material disclosed to me in that capacity, including the names of the plaintiffs and putative class members, shall not be disclosed, disseminated, or distributed to any person who is not authorized to receive it in accordance with the Protective Order. I understand that nothing in the Protective Order shall limit or in any way restrict me from discussing the cases of individuals whose Confidential Information is protected by this Order in order to carry out my legitimate job functions. I understand that nothing in the Protective Order shall restrict me from performing statutorily authorized functions as they pertain to such individuals, and I will not be held liable for executing such authority in the ordinary course, notwithstanding the Protective Order. For these reasons, I specifically acknowledge consent and agree to the disclosure requirements, limits and restrictions of the Protective Order and hereby consent to the jurisdiction of the Court for purposes of enforcing this Order, even if such enforcement proceedings occur after termination of this Action.

Executed this \_\_\_ day of _____ by _____

                                                      (Print Name)

Signed_____

-19-