1  ROB BONTA
   Attorney General of California
2  BENJAMIN G. DIEHL
   Supervising Deputy Attorney General
3  ANDREW Z. EDELSTEIN
   Deputy Attorney General
4  State Bar No. 218023
    300 South Spring Street, Suite 1702
5    Los Angeles, CA  90013-1230
    Telephone:  (213) 269-6307
6   Fax:  (916) 731-2125
    E-mail:  Andrew.Edelstein@doj.ca.gov
7  *Attorneys for Defendants California Department of
   Health Care Services and Director Michelle Baass*
8

9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                        WESTERN DIVISION

12

| | |
|---|---|
| 13 **OCEAN S., et al.** | 2:23-cv-06921-JAK-E |
| 14 | |
| 15                Plaintiffs, | **CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES AND DIRECTOR MICHELLE BAASS'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS** |
| 16  v. | |
| 17 **LOS ANGELES COUNTY; LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES; BRANDON NICHOLS, Director of the Los Angeles County Department of Children and Family Services; LOS ANGELES DEPARTMENT OF MENTAL HEALTH; LISA WONG, Director of the Los Angeles County Department of Mental Health; CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES; MARK GHALY, Secretary of the California Health and Human Services Agency; CALIFORNIA DEPARTMENT OF SOCIAL SERVICES; and KIM JOHNSON, Director of the California Department of Social Services, MICHELLE BAASS,** | Date:         April 8, 2024<br>Time:         8:30 a.m.<br>Courtroom:   10B<br>Judge:        Hon. John A. Kronstadt<br>Trial Date:    None set<br>Action Filed: Aug. 22, 2023 |
| 27                Defendants. | |
| 28 | |

1

1    Plaintiffs' Opposition (ECF Dkt. 71 (Opposition or Opp.)) confirms that the
2    First Amended Complaint (FAC) should be dismissed as to the California
3    Department of Health Care Services (the Department) and its Director Michelle
4    Baass (the Director (the Department and the Director are collectively DHCS)).
5    To begin, Plaintiffs concede that their seventh cause of action, under 28
6    U.S.C. § 1983 (Section 1983) fails as a matter of law as to the Department. *See*
7    Opp., p. 1 n.1. This claim also fails as to the Director. In defense of this claim for
8    violation of the Medicaid Act against the Director, the Opposition does not cite a
9    single allegation about her. Nor do Plaintiffs identify any law or policy of DHCS
10   that caused them any injury. The FAC therefore fails to state a plausible claim for
11   relief against the Director because it does not allege that a DHCS law or policy
12   violated Plaintiffs' federal rights, let alone when and how those rights were
13   violated.
14   Plaintiffs' claims under the Rehabilitation Act and Americans with Disabilities
15   Act (ADA) fail for similar reasons. Plaintiffs' Opposition claims that DHCS is
16   liable for the county's actions or inactions; however, Plaintiffs failed to plead an
17   underlying violation. Plaintiffs' Opposition establishes that the FAC rests on a
18   conclusory allegation that a plaintiff endured discrimination, but there is no
19   allegation of how DHCS is responsible for it, or by whom, or in what way.
20   Therefore, DHCS's Motion to Dismiss (ECF Dkt. 48 (Motion)) should be granted.

21                                **ARGUMENT**

22   **I.    THE SEVENTH CAUSE OF ACTION MUST BE DISMISSED**
23   The gravamen of DHCS' motion to dismiss Plaintiffs' Section 1983 claim for
24   violation of the Medicaid Act (Plaintiffs' Seventh Cause of Action) is that Plaintiffs
25   fail to allege sufficient facts about the Director (or the Department), about
26   Plaintiffs' experiences, or about any causal relationship between the two. Motion,
27   pp. 7-8. Plaintiffs' Opposition does not cite to any meaningful allegations in their
28

FAC about DHCS or the Director, and Plaintiffs' allegations are wholly conclusory and untethered to any law or policy of the Director (or the Department).

Plaintiffs instead attempt to rely on allegations in the FAC that do not mention the Director or the Department. *See, e.g.,* Opp., p. 4 (citing FAC ¶¶ 271-75 (containing allegations about "Defendants" and the "Los Angeles County Department of Child and Family Services")). And the only allegation about DHCS that Plaintiffs cite to is a single legal conclusion that DHCS is "responsible for administering Medicaid in California." Opp., p. 5 (citing FAC ¶262).

Plaintiffs' defense of their Section 1983 claim against the Director only proves the deficiency of the FAC. A complaint that "lumps defendants . . . together and fails to distinguish adequately claims and alleged wrongs among defendants" is subject to dismissal. *Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1197 (E.D. Cal. 2013). A "plaintiff who sues multiple defendants must allege the basis of [its] claim against each defendant" separately. *Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1074 (E.D. Cal. 2021). Plaintiffs must provide "specific facts regarding what alleged actions taken by specific individuals resulted in a violation of the[ir] rights." *Mills v. California*, 2020 WL 4928302, at *4 (C.D. Cal. June 29, 2020); *see also Sebastian Brown Prods., LLC v. Muzooka, Inc.*, 143 F. Supp. 3d 1026, 1037 (N.D. Cal. 2015) ("A plaintiff 'must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole.'").

Plaintiffs' claim fails because they do not allege any "law or policy" of DHCS that is the cause of the alleged harms. *See Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013). All of the allegations Plaintiffs cite in their Opposition are conclusory assertions that someone did not "receive adequate care" or "waited months" or the care they did receive was "inconsistent and sporadic, often with long wait times." Opp., p. 6. Assertions that care was "inadequate," "sporadic" and subject to "long wait times," without more, are

deficient. Plaintiffs do not identify nor allege that these issues are the result of any policy or law of the DHCS.

Plaintiffs' conclusory assertions fall far short of the well-known pleading standard. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (a complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2005) (the court need not accept legal conclusions as true and the complaint must contain sufficient factual matter to plausibly allow the reasonable inference that the defendant is liable for the misconduct alleged); *Dura Pharms, Inc. v. Broudo*, 544 U.S. 336, 346 (2005) ("A complaint also "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests.").

Accordingly, Plaintiffs' Seventh Cause of Action should be dismissed because Plaintiffs do not allege any policy or law of DHCS that caused the alleged injuries at issue and there is insufficient notice in the FAC to allow DHCS to prepare a defense.

## II. THE REHABILITATION ACT AND ADA CLAIMS ARE ALSO DEFICIENT

Plaintiffs concede that *DHCS* did not discriminate against them based on a disability. Opp., pp. 11-12. Plaintiffs do not dispute that DHCS is not responsible for providing Plaintiffs with direct services. *Id.* Instead, the Opposition makes clear that Plaintiffs' basis for holding DHCS liable under the Rehabilitation Act and ADA is vicarious liability for the county and third parties' alleged actions. *Id.* This, however, is incorrect.

Plaintiffs argue that DHCS has to ensure compliance with the Rehabilitation Act and ADA "even if Plaintiffs receive Medicaid services from county agencies or private providers with whom DHCS has contracted or otherwise arranged." Opp., p. 12. Plaintiffs cite 28 C.F.R. pt. 35, app A, and state "when services are administered by '[another] public entity that has its own Title II obligation,'—for

4

instance the County—the State "is still responsible for ensuring that the other public entity complies with Title II.'" Opp., p. 12 (quoting 28 C.F.R. pt. 35, app A). However, this section is discussing prisons and jails, which are different because inmates are incarcerated against their will. *See id.* (explaining reason for guidance is because "power to incarcerate citizens rests with the State or local government, not a private entity"). The complete sentence with the relevant parts Plaintiffs omitted in bold is as follows: "Moreover, even **if the State enters into a contractual, licensing, or other arrangement for correctional services** with a public entity that has its own title II obligations, the State is still responsible for ensuring that the other public entity complies with title II in providing these services." 28 C.F.R. pt. 35, app A (bold added).[1]

What the text of the regulations actually prohibits is discrimination directly or through contractual or other arrangements, "using criteria or methods of administration" that discriminate. 28 C.F.R. § 35.130(b)(3). Nowhere in the FAC have Plaintiffs set forth facts demonstrating that DHCS has, directly or through any contractual or other arrangement, used "criteria or methods of administration" that result in prohibited discrimination. Indeed, the FAC does not identify any DHCS contracts or DHCS arrangements, nor any DHCS methods of administration that caused the alleged discrimination. It therefore fails to state a claim against DHCS for discrimination.

Although the Rehabilitation Act and ADA claims are brought by the "ADA Subclass," which includes all 7 named plaintiffs, the Opposition only identifies allegations about Onyx G. to support the discrimination claims. Plaintiffs' allegation is that Onyx G. "received only limited therapy" and was at a disadvantage in "seeking a less restrictive placement 'because Defendants' discriminatory policies weed out applicants with mental health needs and trauma

---

[1] The cases Plaintiffs cite are distinguishable because they are relying on regulations specific to the state activity at issue—prisons and housing (Opp., p 12) and Plaintiffs cite no regulation or case about the Medicaid Act. *Id.*

symptoms.'" Opp., pp. 10-11 (citing FAC ¶¶ 52, 54.)   This allegation is too conclusory, in general, but as to DHCS it fails to identify any contract, arrangement, or method of administration that discriminated against Onyx G.  Such an allegation therefore falls far short of the pleading standard cited above.

Finally, the claims of vicarious liability under the Rehabilitation Act and ADA fail against DHCS for the same reason that the claims fail against the county (*see* ECF Dkt. # 52, p. 24-25) and identified by DHCS (*see* Motion, p. 7).

### III. THE ELEVENTH AMENDMENT

Plaintiffs concede that the Department is immune from their Section 1983 claim and that all claims are for only prospective injunctive and prospective declaratory relief.

## CONCLUSION

For the foregoing reasons, the FAC should be dismissed with prejudice as to DHCS.

Dated:  February 27, 2024                               Respectfully submitted,

ROB BONTA
Attorney General of California
BENJAMIN G. DIEHL
Supervising Deputy Attorney General

*/s/ Andrew Z. Edelstein*

ANDREW Z. EDELSTEIN
Deputy Attorney General
*Attorneys for Defendants California Department of Health Care Services and Director Michelle Baass*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for DHCS, certifies that this brief contains 5 pages, which complies with this Court's Standing Orders. ECF Dkt. 18 at ¶ 9(d).

Dated:  February 27, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
BENJAMIN G. DIEHL
Supervising Deputy Attorney General

/s/ Andrew Edelstein

ANDREW Z. EDELSTEIN
Deputy Attorney General
*Attorneys for Defendants Department of Health Care Services and Director Michelle Baass*

# CERTIFICATE OF SERVICE

| Case Name: | **Ocean S., et al. v. LA COUNTY (DHCS)** | No. | **2:23-cv-06921-JAK-E** |
|---|---|---|---|

I hereby certify that on <u>February 27, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES AND DIRECTOR MICHELLE BAASS'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>February 27, 2024</u>, at Los Angeles, California.

| Alyssa Barragan | */s/ Alyssa Barragan* |
|---|---|
| Declarant | Signature |

LA2023603313
66329269.docx