**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION (LOS ANGELES)**

OCEAN S., et al.,

Plaintiffs,

vs.

LOS ANGELES COUNTY, et al.,

Defendants.

Case No. 2:23-cv-06921-JAK-E

**FIRST ADDENDUM TO STIPULATED PROTECTIVE ORDER**

Before: Magistrate Judge Charles F. Eick

NOTE CHANGES MADE BY THE COURT

## I. INCORPORATION BY REFERENCE

1.0 The Stipulated Protective Order (Protective Order) entered on December 22, 2023, (ECF Dkt. # 65) is incorporated herein by reference. All terms in this First Addendum have the same definitions as those provided in the Protective Order.

## II. DEFINITIONS

2.0 Plaintiffs' Case Files: The following records pertaining to the named Plaintiffs:

a) All documents and information contained in DCFS or DMH's files for each named Plaintiff's dependency case.

b) All documents and information contained in DCFS or DMH's files pertaining to referrals regarding each named Plaintiff, or services, case plans, or placements provided to each named Plaintiff, to the extent not already covered by section (a).

c) All documents and information within the scope of "juvenile case file" as set forth in Cal. Welfare and Institutions Code section 827(e) and/or Cal. Rule of Court 5.552 that are in the possession, custody, or control of any Party; and

d) All documents and information containing information related to each named Plaintiff's Juvenile Case File, as described in subdivision (a)(4 ) of Cal. Welfare and Institutions Code section 827, that are in the possession, custody, or control of CDSS.

2.1 Plaintiffs' Case Files shall be included in the definition of "Confidential Information."

## III. GOOD CAUSE STATEMENT

3.0 There is good cause for this Order. In addition to the reasons stated in the Protective Order, there is good cause for the First Addendum because the Plaintiffs' Case Files in this case likely will also include Confidential Information of third parties, and other categories of Confidential Information as set out in Section V.

3.1 The Parties agree that disclosure of the Confidential Information covered by this addendum requires the parties to either seek relief before the relevant juvenile court, in compliance with applicable statutes, including, but not limited to, Cal. Welfare and Institutions Code Section 827, or seek an order from this Court.

3.2 The Parties also agree that, absent this First Addendum to the Protective Order, the Confidential Information covered by this addendum would be restricted from dissemination pursuant to Cal. Welfare and Institutions Code section 827(a)(4).

3.3 Federal district courts have the power to order disclosure of juvenile case files, as defined by California Rule of Court Rule 5.552 and Cal. Welfare and Institutions Code section 827(e), notwithstanding State confidentiality laws. *Gonzalez v. Spencer*, 336 F.3d 832, 835 (9th Cir. 2003). Although federal courts have found that Cal. Welfare & Institutions Code section 827 is not binding in federal lawsuits, some federal courts still weigh the needs of the case against the State's interest in non-disclosure. *Estate of Maldonado v. Sec'y of the Cal. Dep't of Corr. & Rehab.*, No. 2:06CV02696-MCE/GGH, 2007 WL 4249811, at *5-7 (E.D. Cal. Nov. 30, 2007); *Van Horn v Hornbeak*, No. 1:08CV1622 LJO DLB, 2010 WL 1027508, at *4-6 (E.D. Cal. Mar. 18, 2010); *Doe No. 59 v. Santa Rosa City Sch.*, No. 3:16-CV-012560WHO, 2017 WL 11837754, at *1-1 (N.D. Cal. Mar. 1, 2017).

3.3 Federal district courts also have the power to authorize disclosure of HIPAA- and FERPA-protected material in discovery proceedings, without a patient's consent in response to a court order, or in discovery where a qualifying protective order is in place. *See* 45 C.F.R. §§ 164.512(e)(1)(i); (e)(1)(ii)(B); (e)(1)(v)*; see also Briggs v. Adel,* No. CV-18-02684-PHX-EJM, 2020 WL 4003123, at *12 (D. Ariz. July 15, 2020)*; Garey v. Anderson*, No. 2:22-CV-0069-TOR, 2022 WL 17327846, at *2 (E.D. Wash. Nov. 29, 2022).

3.4 The Parties represent that: Plaintiffs' Case Files, and other Confidential Information in the possession of the Parties and/or interested non-parties contain sensitive and Confidential Information regarding Plaintiffs that is significantly relevant to the

instant action. The parties also represent that: Obtaining these records via State procedures may result in delays, and the unnecessary expenditure of judicial resources. *See Dadisman v. Cnty. of Los Angeles*, 2019 WL 8645759, at *2 (C.D. Cal. Oct. 28, 2019) (granting protective order obviating the need to comply with Cal. Welfare & Institutions Code section 827).

3.5 While portions of Plaintiffs' juvenile case files are accessible to Plaintiffs upon their own request, County Defendants have agreed to produce Plaintiffs' Case Files in their possession, for the sake of judicial economy, and in light of the protections provided by this First Addendum.

3.6 In order to avoid further delay and preserve judicial resources, and ~~with~~ the parties having a good faith belief that the records satisfy the tests in *Maldonado* and *Doe No. 59*, *supra,* the parties hereby stipulate to and the Court orders the production of Confidential Information, including but not limited to, named Plaintiffs' Case Files that are within the Parties' possession, custody, or control, and that are within the scope of the objections and responses to requests for production served in this case.

**IV. PLAINTIFFS' CASE FILES**

4.0 The Parties hereby stipulate to and the Court orders the production of Confidential Information covered by this addendum, including but not limited to, (a) named Plaintiffs' Case Files that are within the Parties' possession, custody, or control, and (b) documents containing information related to the named Plaintiffs' Case Files, that are in the Parties' possession, custody, or control, and that are within the scope of the objections and responses to requests for production served in this case. The Court further orders that, notwithstanding Cal. Welfare and Institutions Code section 827(a)(4), the Parties may use and disclose named Plaintiffs' Case Files for purposes of this litigation consistent with Paragraph 8.2 of the Protective Order and this Addendum.

4.1 For avoidance of doubt, pursuant to this Order, the Parties will not withhold information pertaining to the named Plaintiffs themselves from Plaintiffs'

Case Files, or from documents containing information related to the named Plaintiffs' Case Files , that are in the Parties' possession, custody, or control, subject to the limitations in Section V., on the basis of Cal. Welfare & Institutions Code section 827, California Rule of Court 5.552, HIPAA, FERPA, or the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment and Rehabilitation Act of 1970.

4.2 Plaintiffs' Case Files shall be produced pursuant to the protections established in this Protective Order and First Addendum, except that the following additional procedures and protections shall apply: Materials falling within the definition of Plaintiffs' Case Files shall be marked: "PLAINTIFF'S CASE FILE" rather than "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER." If a Party is aware that a document falls within the definition of Plaintiffs' Case Files, the Party shall treat that document as if it were marked, "PLAINTIFF'S CASE FILE," notwithstanding the markings on the document. Plaintiffs' Case File materials may be disclosed as set forth in Part IX of the Protective Order, except that:

4.3 Named Plaintiffs shall only have access to their own Plaintiff's Case File materials and not the Plaintiff's Case File materials of any other Named Plaintiff.

4.4 Plaintiffs' counsel represents that Plaintiffs have been given notice of the production of their Confidential Information covered by this addendum and the Protective Order and all Plaintiffs consent to it, including but not limited to any Confidential Information subject to Cal. Welfare & Institutions Code section 827, California Rule of Court 5.552, the California Information Practices Act, HIPAA, FERPA, or the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment and Rehabilitation Act of 1970.

4.5 In light of the foregoing, the parties agree that the Named Plaintiffs' identifying information in Plaintiff's Case File materials need not be redacted prior to production.

4.6     In order to further reduce the burden on the Producing Party, the Parties may, but are not obligated to, stipulate that sensitive information within Plaintiffs' Case File materials shall be viewed only by persons listed in paragraphs 8.2(a), (c)-(e) and (h) of the Protective Order. The Receiving Party shall redact any such information prior to sharing the document with persons listed in paragraphs 8.2(b), (f)-(g), or (i).

4.7     Plaintiffs' Case File materials may be filed under seal pursuant to Part IX of the Stipulated Protective Order.

## V.    ISSUES UNAFFECTED BY THIS ADDENDUM

5.0     This Order does not waive any Party's right, in responding to requests for production calling for Plaintiffs' Case File Materials, to withhold or redact for reasons of third party confidentiality or any other reason, including but not limited to the following:

a) Identifying information of third parties, including but not limited to family members of named Plaintiffs, minors and/or dependents other than named Plaintiffs, and individuals who have lived/resided with named Plaintiffs;

b) Identifying information of individuals who have reported suspected child abuse or neglect;

c) Confidential Information regarding individuals other than named Plaintiffs such as medical, mental health, and substance abuse information, DCFS case histories, and referrals;

d) Live Scan/CLETS reports relating to individuals other than named Plaintiffs;

e) Law enforcement reports marked "Confidential;"

f) Adoption records, including home studies;

g) Open, ongoing investigations;

h) Confidential placements or addresses of child or parent; and

i) Resource Family Approval Information and associated reports

5.1 This Order also does not waive any Party's right to dispute that such redactions are necessary or appropriate. The Parties agree to meet and confer in good faith regarding any such proposed redactions and agree that disputes, if any, will be resolved in the ordinary course pursuant to Local Rule 37.

5.2 The First Addendum is limited to named Plaintiffs' Case Files; the Protective Order and First Addendum may be subject to further revision by additional addenda.

5.3 Determinations of confidentiality and privilege are separate, and nothing in the First Addendum constitutes a waiver of attorney-client privilege, attorney work product, or any privilege recognized under state or federal law.

5.4 Documents and information pertaining to each named Plaintiff not identified in Section 2.0(a)-(c) supra shall not be treated as Plaintiffs' Case Files under this First Addendum, but may be designated Confidential Information pursuant to the Stipulated Protective Order (ECF Dkt. # 65).

**VI. ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

6.0 Any person who signed Exhibit A to the Protective Order need not re-sign it in light of this addendum.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 31, 2024

By: */s/ Grant A. Davis-Denny*
Grant A. Davis-Denny
grant.davis-denny@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor Los Angeles, California 90071-3426 Telephone: (213) 683-9100
Facsimile: (213) 687-3702
*Attorney for Plaintiffs*

Dated: May 31, 2024

By: */s/ Farbod S. Moridani*
Farbod S. Moridani (SBN 251893)
fmoridani@millerbarondess.com
Miller Barondess, LLP
2121 Avenue of the Stars, Suite 2600 Los Angeles, California 90067
Telephone: (310) 552-4400
Facsimile: (310) 552-8400
*Attorney for County Defendants*

Dated: May 31, 2024

By: */s/ Andrew Z. Edelstein*
Andrew Z. Edelstein
andrew.edelstein@doj.ca.gov
California Department of Justice
300 S Spring St, Ste 1702
Los Angeles, CA 90013-1256 Deputy *Attorney General Attorney for State Defendants*

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I certify that all of the above signatories concur in this filing's content and have authorized the filing.

By: */s/ Grant A. Davis-Denny*
Grant A. Davis-Denny
grant.davis-denny@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor Los Angeles, California 90071-3426 Telephone: (213) 683-9100
Facsimile: (213) 687-3702
*Attorney for Plaintiffs*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: June 3, 2024

~~/s/ Charles F. Eick~~
United States Magistrate Judge Charles F. Eick

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I ____________________________, am aware of the litigation in *Ocean S. et al. v. Los Angeles County, et al.*, No. 2:23-cv-06921-JAK-E (C.D. Cal.) in the capacity of ___________________________. I do solemnly swear or aver that I am fully familiar with the terms of the Stipulated Protective Order ("Protective Order") in the above referenced matter and hereby agree to comply with and be bound by its terms and conditions unless and until it is modified by further Order of the United States District Court for the Central District of California ("Court"). I understand that any Protected Material disclosed to me in that capacity, including the names of the plaintiffs and putative class members, shall not be disclosed, disseminated, or distributed to any person who is not authorized to receive it in accordance with the Protective Order. I understand that nothing in the Protective Order shall limit or in any way restrict me from discussing the cases of individuals whose Confidential Information is protected by this Order in order to carry out my legitimate job functions. I understand that nothing in the Protective Order shall restrict me from performing statutorily authorized functions as they pertain to such individuals, and I will not be held liable for executing such authority in the ordinary course, notwithstanding the Protective Order. For these reasons, I specifically acknowledge consent and agree to the disclosure requirements, limits and restrictions of the Protective Order and hereby consent to the jurisdiction of the Court for purposes of enforcing this Order, even if such enforcement proceedings occur after termination of this Action.

Executed this ___ day of _____________ by ________________________________

(Print Name)

Signed ________________________________________________________________