1  LOUIS R. MILLER (State Bar No. 54141)
   smiller@millerbarondess.com
2  JASON H. TOKORO (State Bar No. 252345)
   jtokoro@millerbarondess.com
3  FARBOD S. MORIDANI (State Bar No. 251893)
   fmoridani@millerbarondess.com
4  MILLER BARONDESS, LLP
   2121 Avenue of the Stars, Suite 2600
5  Los Angeles, California 90067
   Tel.: (310) 552-4400 | Fax: (310) 552-8400
6
7  DAWYN R. HARRISON (State Bar No. 173855)
   dharrison@counsel.lacounty.gov
8  WILLIAM BIRNIE (State Bar No. 268742)
   wbirnie@counsel.lacounty.gov
9  EMILY GROSPE (State Bar No. 290182)
   egrospe@counsel.lacounty.gov
10 Kenneth Hahn Hall of Administration
   500 West Temple Street, Suite 648
11 Los Angeles, California 90012
   Tel.: (213) 974-1811 | Fax: (213) 626-7446
12
   Attorneys for Defendants
13 COUNTY OF LOS ANGELES, THE
   DEPARTMENT OF CHILDREN AND
14 FAMILY SERVICES, and THE
   DEPARTMENT OF MENTAL HEALTH

15            **UNITED STATES DISTRICT COURT**

16     **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

17 OCEAN S., *et al.*,                  | **CASE NO. 2:23-cv-06921-JAK-E**

18            Plaintiffs,               | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
19     v.                              | **COUNTY DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO**
20 LOS ANGELES COUNTY, *et al.*,        | **STATE A CLAIM UNDER FEDERAL RULE OF CIVIL**
21            Defendants.              | **PROCEDURE 12(b)(6)**

22                                      | *Filed Concurrently with Notice of Motion and Motion to Dismiss; Request*
23                                      | *for Judicial Notice; and Declaration of Farbod Moridani*
24
25                                      | Assigned to:  Hon. John A. Kronstadt
26                                      | **Hearing Date**:      Jan. 27, 2025
                                        | **Hearing Time**:      8:30 a.m.
                                        | **Action Filed**:      Aug. 22, 2023
27                                      | **Second Am. Compl.**: Aug. 16, 2024
28                                      | **Trial Date**:        Not Set

694692.6

MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ..................................................................................... 9

II.    BACKGROUND ................................................................................... 10

III.    LEGAL STANDARD ......................................................................... 11

IV.    ARGUMENT ...................................................................................... 12

    A.    Plaintiffs' Procedural Due Process Claim Fails ................................... 12

        1.    Procedural Due Process Does Not Apply To Inviolable Rights ................................................................................. 12

        2.    The SAC Does Not Plead A Due Process Violation ................. 16

    B.    The Substantive Due Process Claim Fails ............................................ 23

    C.    Plaintiffs' Medicaid Claim Fails ......................................................... 25

    D.    Plaintiffs' Integration Mandate Claim Fails ........................................ 27

        1.    Plaintiffs Do Not Allege They Are Institutionalized ................. 28

        2.    Mere Risk Of Institutionalization Is Not Enough ..................... 29

        3.    Plaintiffs Do Not Plead Risk Of Institutionalization ................. 31

V.    DISMISSAL SHOULD BE WITH PREJUDICE ............................................ 33

VI.    CONCLUSION .................................................................................... 33

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL. (310) 552-4400   FAX: (310) 552-8400

MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

# **TABLE OF AUTHORITIES**

**Page**

### **FEDERAL CASES**

*Adams v. Johnson*,
   355 F.3d 1179 (9th Cir. 2004) ................................................................. 27

*Aguirre v. Sahba*,
   2017 WL 2221736 (C.D. Cal. May 19, 2017) ......................................... 19

*Am. Council of Life Insurers v. D.C. Health Benefit Exch. Auth.*,
   73 F. Supp. 3d 65 (D.D.C. 2014) ........................................................... 14

*Armstrong v. Reynolds*,
   22 F.4th 1058 (9th Cir. 2022) ................................................................. 20

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................ 11

*Auer v. Robbins*,
   519 U.S. 452 (1997) ................................................................................ 29

*Bd. of Regents of State Colls. v. Roth*,
   408 U.S. 564 (1972) ................................................................................ 17

*Bennett ex rel. Irvine v. City of Philadelphia*,
   2003 WL 23096884 (E.D. Pa. Dec. 18, 2003) ....................................... 24

*Brown v. County of Mariposa*,
   2019 WL 4956142 (E.D. Cal. Oct. 8, 2019) .............................. 17, 23, 26

*Bynum v. City of Magee*,
   507 F. Supp. 2d 627 (S.D. Miss. 2007) .................................................. 24

*Camp v. Gregory*,
   67 F.3d 1286 (7th Cir. 1995) .................................................................. 15

*Chamblin v. I.N.S.*,
   1999 WL 803970 (D.N.H. June 8, 1999) ................................................ 14

*Charlton v. Yepez*,
   2019 WL 2648801 (D. Or. June 27, 2019) .............................................. 13

*City of St. Louis v. Praprotnik*,
   485 U.S. 112 (1988) ................................................................................ 26

*Clentscale v. Beard*,
   2008 WL 3539664 (W.D. Pa. Aug. 13, 2008) ........................................ 14

*Conway v. Mitchell*,
   1999 WL 35808166 (D.N.M. Dec. 3, 1999) ........................................... 14

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

*Crawford v. Antonio B. Won Pat Int'l Airport Auth.*,
    917 F.3d 1081 (9th Cir. 2019) ................................................................. 18

*Daniels v. Williams*,
    474 U.S. 327 (1986) ..................................................................................... 13

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*,
    489 U.S. 189 (1989) .............................................................................. 23, 24

*Disability Rights Cal. v. County of Alameda*,
    2021 WL 212900 (N.D. Cal. Jan. 21, 2021) .......................... 28, 29, 32, 33

*Doe v. DiStefano*,
    2019 WL 2372685 (D. Colo. June 5, 2019) .............................................. 13

*DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*,
    870 F.3d 978 (9th Cir. 2017) .............................................................. 12, 33

*Dual Diagnosis Assessment & Treatment Ctr., Inc. v. Hughes*,
    2016 WL 11522965 (C.D. Cal. Sept. 27, 2016) ........................................ 21

*Dyous v. Dep't of Mental Health & Addiction Servs.*,
    2024 WL 1141856 (D. Conn. Mar. 15, 2024) ........................................... 29

*Endsley v. Luna*,
    2009 WL 3806266 (C.D. Cal. Nov. 12, 2009) .......................................... 19

*Foman v. Davis*,
    371 U.S. 178 (1962) ..................................................................................... 12

*Forrester v. Bass*,
    397 F.3d 1047 (8th Cir. 2005) .............................................................. 17, 18

*Goldberg v. Kelly*,
    397 U.S. 254 (1970) ..................................................................................... 13

*Harper v. City of Los Angeles*,
    533 F.3d 1010 (9th Cir. 2008) .................................................................... 27

*Hayes v. Erie Cnty. Office of Children & Youth*,
    497 F. Supp. 2d 684 (W.D. Pa. 2007) ....................................................... 24

*Hilbert S. v. County of Tioga*,
    2005 WL 1460316 (N.D.N.Y. June 21, 2005) ........................................... 14

*Hitch Enters., Inc. v. Cimarex Energy Co.*,
    859 F. Supp. 2d 1249 (W.D. Okla. 2012) .................................................. 11

*Hudson v. Palmer*,
    468 U.S. 517 (1984) ..................................................................................... 21

*Hunter v. County of Sacramento*,
    652 F.3d 1225 (9th Cir. 2011) .................................................................... 26

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

694692.6

4

*J.P. by and through Villanueva v. County of Alameda*,
   2018 WL 1933387 (N.D. Cal. Apr. 24, 2018) ................................................24

*Jasmin v. Santa Monica Police Dep't*,
   2017 WL 10575167 (C.D. Cal. Sept. 22, 2017)............................................26

*Jensen v. County of Los Angeles*,
   2017 WL 10574059 (C.D. Cal. July 13, 2017) ..............................................27

*Johnson v. County of Los Angeles*,
   2015 WL 4881349 (C.D. Cal. Apr. 21, 2015)................................................17

*Kentucky Dep't of Corr. v. Thompson*,
   490 U.S. 454 (1989) ..............................................................................17, 18

*Kisor v. Wilkie*,
   588 U.S. 558 (2019) ....................................................................29, 30, 31

*Lake Nacimiento Ranch Co. v. San Luis Obispo County*,
   841 F.2d 872 (9th Cir. 1987).......................................................................21

*Lamb v. ZBS Law LLP*,
   2024 WL 2818297 (D. Ariz. June 3, 2024) ................................................19

*Laurie Q. v. Contra Costa County*,
   304 F. Supp. 2d 1185 (N.D. Cal. 2004) ......................................................21

*Lindenbaum v. Northwell Health, Inc.*,
   2022 WL 541644 (E.D.N.Y. Feb. 23, 2022)...............................................29

*Lopez v. National City*,
   2020 WL 7705889 (S.D. Cal. Nov. 23, 2020) .............................................21

*Luellen v. Schwartz*,
   2016 WL 6442178 (N.D. Ill. Nov. 1, 2016) .................................................14

*M.G. v. N.Y. State Office of Mental Health*,
   572 F. Supp. 3d 1 (S.D.N.Y. 2021)..............................................................29

*M.R. v. Dreyfus*,
   663 F.3d 1100 (9th Cir. 2011).......................................................29, 30, 31

*Marentez v. Baca*,
   2011 WL 5509083 (C.D. Cal. Sept. 29, 2011)............................................19

*Marsh v. County of San Diego*,
   680 F.3d 1148 (9th Cir. 2012).....................................................................17

*Martin v. Taft*,
   222 F. Supp. 2d 940 (S.D. Ohio 2002).......................................................29

*Martinez v. City of West Sacramento*,
   2021 WL 2227830 (E.D. Cal. June 2, 2021)..........................................12, 23

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

694692.6

5

MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

*Martinez v. Scott,*
2019 WL 4391133 (C.D. Cal. June 12, 2019) ...............................................14

*McKinney v. Pate,*
20 F.3d 1550 (11th Cir. 1994) ...............................................14

*Miller v. Gammie,*
335 F.3d 889 (9th Cir. 2003) ...............................................31

*Miranda v. County of Lake,*
900 F.3d 335 (7th Cir. 2018) ...............................................14, 16

*Moore v. Lynn,*
2010 WL 4342305 (N.D. Fla. Oct. 7, 2010) ...............................................14

*Mora v. City of Gaithersburg,*
519 F.3d 216 (4th Cir. 2008) ...............................................21

*Mueller v. County of San Bernardino,*
2018 WL 8130611 (C.D. Cal. May 9, 2018) ...............................................15, 16, 18

*Naoko Ohno v. Yuko Yasuma,*
723 F.3d 984 (9th Cir. 2013) ...............................................19

*Nat'l Collegiate Athletic Ass'n v. Tarkanian,*
488 U.S. 179 (1988) ...............................................19

*Navarro v. Block,*
250 F.3d 729 (9th Cir. 2001) ...............................................11

*Neubronner v. Milken,*
6 F.3d 666 (9th Cir. 1993) ...............................................11

*Nozzi v. Hous. Auth. of L.A.,*
806 F.3d 1178 (9th Cir. 2015) ...............................................13, 17

*Olmstead v. L.C. ex rel. Zimring,*
527 U.S. 581 (1999) ...............................................28, 31

*Payan v. L.A. Cmty. Coll. Dist.,*
11 F.4th 729 (9th Cir. 2021) ...............................................28

*Pembaur v. City of Cincinatti,*
475 U.S. 469 (1986) ...............................................27

*Porter v. S. Nev. Adult Mental Health Servs.,*
2017 WL 6379525 (D. Nev. Dec. 13, 2017) ...............................................17

*Portman v. County of Santa Clara,*
995 F.2d 898 (9th Cir. 1993) ...............................................17, 19, 20

*Rodriguez v. County of San Bernardino,*
2023 WL 5337818 (C.D. Cal. Aug. 17, 2023) ...............................................26

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL. (310) 552-4400  FAX: (310) 552-8400

MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

*Schwartz v. Booker*,
　2024 WL 3540355 (D. Colo. July 25, 2024)....................................24

*Shaughnessy v. Wellcare Health Ins. Inc.*,
　2017 WL 663230 (D. Haw. Feb. 16, 2017) ....................................25

*Shelley v. County of San Joaquin*,
　2017 WL 4547055 (E.D. Cal. Oct. 12, 2017) ................................13

*Shulock v. City of Tucson*,
　2010 WL 2720839 (D. Ariz. July 9, 2010) ....................................21

*Sprewell v. Golden State Warriors*,
　266 F.3d 979 (9th Cir. 2001) ........................................................11

*Theodosakis v. Clegg*,
　2017 WL 1294529 (D. Ariz. Jan. 30, 2017) ..................................11

*Townsend v. Quasim*,
　328 F.3d 511 (9th Cir. 2003) ........................................................33

*Trevino v. Gates*,
　99 F.3d 911 (9th Cir. 1996) ....................................................26, 27

*United States v. Castillo*,
　69 F.4th 648 (9th Cir. 2023) ........................................................30

*United States v. Mississippi*,
　82 F.4th 387 (5th Cir. 2023) ........................................................31

*Valdez v. Roybal*,
　186 F. Supp. 3d 1197 (D.N.M. 2016) ..........................................24

*Vasquez v. Rackauckas*,
　734 F.3d 1025 (9th Cir. 2013) ......................................................19

*Wyatt B. v. Kotek*,
　2024 WL 3200547 (D. Or. June 27, 2024)....................................23

*Zinermon v. Burch*,
　494 U.S. 113 (1990) ..............................................................12, 13

*Zuurveen by & through Zuurveen v. L.A. Cnty. Dep't of Health Servs.*,
　2022 WL 14966244 (C.D. Cal. Sept. 28, 2022)............................11

**STATE CASES**

*In re Shirley K.*,
　140 Cal. App. 4th 65 (2006)..........................................................21

*Mark G. v. Sabol*,
　717 N.E.2d 1067 (N.Y. 1999) ......................................................14

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL. (310) 552-4400  FAX (310) 552-8400

MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1

## FEDERAL STATUTES

2  42 U.S.C. § 12132 ................................................................................28

3

## STATE STATUTES

5  Cal. Welf. & Inst. Code § 16001.9 ...............................................15, 17, 18

6  Cal. Welf. & Inst. Code § 213 ...........................................................22

7  Cal. Welf. & Inst. Code § 317 ...........................................................22

8  Cal. Welf. & Inst. Code § 362 .....................................................21, 22

9  Cal. Welf. & Inst. Code § 5325 ........................................................19

10  Cal. Welf. & Inst. Code § 5325.1 .....................................................19

11

## FEDERAL RULES

13  Fed. R. Civ. P. 12(b)(6) ...............................................................10, 11

14

## STATE RULES

16  Cal. R. Ct. 5.660 ...........................................................................22

17

## FEDERAL REGULATIONS

19  28 C.F.R. § 35.130 .........................................................................28

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

The County of Los Angeles, the Department of Children and Family Services, and the Department of Mental Health (together, the "County Defendants") hereby respectfully move to dismiss the Third, Fourth, Fifth, Sixth, Seventh, and Eighth Causes of Action in Plaintiffs' Second Amended Complaint (Dkt. 130-1 ("SAC")).

## I.    **<u>INTRODUCTION</u>**

Plaintiffs have not corrected any of the deficiencies identified in this Court's Order granting in part the County Defendants' motion to dismiss the First Amended Complaint ("FAC").  (Dkt. 120.)

*First*, the SAC's procedural due process claims fail because Plaintiffs allege that their right to a placement is so absolute that it can never lawfully be denied.  Procedural due process only applies where there exists a lawful mechanism to limit or withhold an alleged entitlement.  If the right to a placement can never be limited or withheld no matter the circumstances, as Plaintiffs contend, process is beside the point.  The claims fail as a matter of law.  Further, the SAC fails to plead that housing is an entitlement, as the statute it invokes does not mandate specific outcomes and has been held by the Central District to not create an entitlement.  The SAC also does not allege conduct by the County Defendants depriving Plaintiffs of a placement (as opposed to Plaintiffs' own decisions to leave placements or eviction by private landlords).  Neither does the SAC allege that the existing, fulsome state court judicial apparatus dedicated to these exact concerns is somehow inadequate process under the Fourteenth Amendment.

*Second*, the County Defendants respectfully reassert that, in light of binding Supreme Court precedent and new case law decided in recent months, the special relationship doctrine does not apply to foster youth not in custody.  If the claim does proceed, it should remain limited to shelter, as Plaintiffs were granted leave to allege facts about other types of substantive due process violations and did not do so.

*Third*, Plaintiffs' Medicaid claim—now limited solely to Intensive Care Coordination ("ICC") and Mobile Crisis Services ("MCS")—fails because the SAC does not plead that MCS were part of California's state plan during the relevant period

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  and the SAC does not plead *Monell* liability as to either ICC or MCS.

2  *Fourth*, Plaintiffs' "integration mandate" claim fails because Plaintiffs do not

3  allege they are institutionalized, case law holding that mere risk of institutionalization

4  can suffice has been abrogated by intervening Supreme Court authority, and Plaintiffs

5  do not plead they face a serious risk of institutionalization anyway.

6  These defects cannot be remedied via amendment.  Further, the scheduling

7  order's deadline to amend pleadings has passed.  Dismissal should be with prejudice.

8  ## II.   **BACKGROUND**

9  Plaintiffs are seven adults who exited traditional foster care when they turned 18

10  and entered into voluntary written agreements with the County of Los Angeles (the

11  "County"), extending their foster care services into adulthood.  (¶¶ 15-21.)[1]  Their FAC

12  lodged three core criticisms of the County foster care system:  (i) inadequate case plans;

13  (ii) inadequate array of placements and processes on placement decisions; and

14  (iii) inadequate behavioral services.  (*See generally* Dkt. 21.)

15  On November 29, 2023, the County Defendants moved to dismiss the FAC in its

16  entirety for failure to state a claim under Rule 12(b)(6).  (Dkt. 52.)  On June 11, 2024,

17  the Court granted the bulk of that motion.  (Order at 29.)  Aside from certain Plaintiffs'

18  claims for substantive due process based on shelter and certain Plaintiffs' General

19  Discrimination and Methods of Administration claims under the Americans with

20  Disabilities Act ("ADA") and Rehabilitation Act ("RA"), all of Plaintiffs' claims were

21  dismissed with leave to amend—including their claims for violation of substantive due

22  process rights other than shelter, procedural due process, Medicaid, the ADA/RA

23  integration mandate, the Adoption Assistance and Child Welfare Act of 1980

24  ("AACWA"), and the right to familial association.

25  Plaintiffs filed the operative SAC on August 16, 2024.  (Dkt. 130-1.)  The SAC

26  abandoned Plaintiffs' AACWA and familial association claims entirely.  It added no

27

28  [1] Unless otherwise stated, ¶ references herein are to the SAC.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1  new allegations as to substantive due process rights other than shelter.  It limits the

2  Medicaid claim to two services—ICC and MCS.  It also limits the integration mandate

3  claim to use of Short-Term Residential Therapeutic Programs ("STRTPs") for housing.

## III.  **LEGAL STANDARD**

5      A motion to dismiss under Rule 12(b)(6)  "tests the legal sufficiency of a claim."

6  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  To avoid dismissal, the plaintiff

7  must allege enough facts to "'nudge[]'" their claims "'across the line from conceivable

8  to plausible.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).  "Where a complaint pleads

9  facts that are 'merely consistent with' a defendant's liability," it must be dismissed

10  because it fails to "'state a claim to relief that is plausible on its face.'"  *Id.* at 678

11  "Because the Named Plaintiffs may not represent any other parties until issues of class

12  certification are decided, each Named Plaintiff at this stage must meet his or her 'own

13  procedural burden under Rule 12(b)(6) and the pleading standards of *Twombly* and

14  *Iqbal*."  (Order at 16 (quoting *Hitch Enters., Inc. v. Cimarex Energy Co.*, 859 F. Supp.

15  2d 1249, 1257 n.4 (W.D. Okla. 2012)).)

16      "Threadbare recitals of the elements of a cause of action … do not suffice" to

17  meet that burden.  556 U.S. at 678.  Neither do "'unadorned, the-defendant-unlawfully-

18  harmed-me accusation[s],' bare 'labels and conclusions,' or 'naked assertion[s] devoid

19  of further factual enhancement.'"  *Zuurveen by & through Zuurveen v. L.A. Cnty. Dep't

20  of Health Servs.*, 2022 WL 14966244, at *3 (C.D. Cal. Sept. 28, 2022) (quoting *Iqbal*,

21  556 U.S. at 678).  Courts do not accept "allegations that contradict matters properly

22  subject to judicial notice or by exhibit."  *Sprewell v. Golden State Warriors*, 266 F.3d

23  979, 988 (9th Cir. 2001).

24      "[R]eliance on 'information and belief'" does not magically "convert conclusory

25  allegations into non-conclusory ones."  *Theodosakis v. Clegg*, 2017 WL 1294529, at

26  *16 (D. Ariz. Jan. 30, 2017).  Rather, a "plaintiff who makes allegations on information

27  and belief must state the factual basis for the belief."  *Neubronner v. Milken*, 6 F.3d

28  666, 672 (9th Cir. 1993).  Failure to do so "'creates [an] inference that plaintiff likely

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

lacks knowledge of underlying facts to support the assertion, and is instead engaging in speculation to an undue degree.'" *Martinez v. City of West Sacramento*, 2021 WL 2227830, at *7 (E.D. Cal. June 2, 2021).

Where "a party seeks leave to amend after the deadline set in the scheduling order has passed, the party's request is judged under Federal Rule of Civil Procedure 16's 'good cause' standard rather than the 'liberal amendment policy' of FRCP 15(a)." *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017); (*see* Dkt. No. 107 (September 9, 2024 is "Last day to add parties/amend pleadings")).) In any event, "leave to amend is inappropriate in circumstances where litigants have failed to cure previously identified deficiencies, or where an amendment would be futile." (Order at 7 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).)

## IV.    ARGUMENT

### A.    Plaintiffs' Procedural Due Process Claim Fails

#### 1.    Procedural Due Process Does Not Apply To Inviolable Rights

Plaintiffs claim they are entitled to procedural due process because they have an absolute "right to a foster care placement while in foster care, which Defendants have no discretion to deny"—a right that must be honored "at all times" and may not be denied under any circumstances. (¶¶ 234-40, 400, 415.) This claim fundamentally misunderstands the nature of procedural due process. An alleged entitlement that can never lawfully be denied is not subject to procedural due process. The claim fails as a matter of law and should be dismissed with prejudice.

There are "three kinds of § 1983 claims that may be brought against the State under the Due Process Clause of the Fourteenth Amendment." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The first is claims brought directly under "the specific protections defined in the Bill of Rights" such as "freedom of speech or freedom from unreasonable searches and seizures." *Id.* The second is based on the "substantive component [of the Due Process Clause] that bars certain arbitrary, wrongful government actions 'regardless of the fairness of the procedures used to implement

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  them.'"  *Id.* (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).  The third, at

2  issue here, is "a guarantee of fair procedure," *id.*—i.e., procedural due process.

3       A procedural due process claim necessarily presumes that there is some amount

4  or kind of process that would permit the government lawfully to deprive the property

5  interest at issue.  494 U.S. at 126-27.  That is because "the deprivation by state action

6  of a constitutionally protected interest in 'life, liberty, or property' is not in itself

7  unconstitutional; what is unconstitutional is the deprivation of such an interest *without*

8  *due process of law*." *Id.* at 125.  The inquiry is thus what process, once provided, would

9  justify the government effecting the deprivation.  *Id.* at 126.  For example, Section 8

10  housing benefits may lawfully be reduced so long as the recipient has notice of the

11  change and opportunity to challenge the decision before it takes effect.  *Nozzi v. Hous.*

12  *Auth. of L.A.*, 806 F.3d 1178, 1191 (9th Cir. 2015).  Similarly, public welfare benefits

13  can lawfully be revoked so long as the recipient is granted a pre-termination hearing.

14  *Goldberg v. Kelly*, 397 U.S. 254, 264-65 (1970).

15       If, on the other hand, the Plaintiff contends their property interest is so inviolable

16  that it can ***never*** lawfully be denied, then that is not a procedural due process claim.

17  That is a substantive due process claim.  *Charlton v. Yepez*, 2019 WL 2648801, at *9

18  (D. Or. June 27, 2019) ("When, as here, the true nature of the [procedural due process]

19  theory is that no amount of process would justify the alleged deprivation, [the] claim is

20  properly characterized as one for denial of substantive due process."); *Shelley v. County*

21  *of San Joaquin*, 2017 WL 4547055, at *6 (E.D. Cal. Oct. 12, 2017) (claim that right is

22  "so fundamental that no amount of process justifies governmental interference" is for

23  substantive, not procedural, due process); *Doe v. DiStefano*, 2019 WL 2372685, at *7

24  n.6 (D. Colo. June 5, 2019) ("If the plaintiff claims that no amount of process could

25  permit the government to reach the result it actually reached, the plaintiff is claiming a

26  violation of substantive, not procedural, due process.").

27       A procedural due process claim that, like the SAC's, demands process based on

28  rights that may never lawfully be deprived fails as a matter of law, for no amount of

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

process could rise to the level of "due" process. *Martinez v. Scott*, 2019 WL 4391133, at *3 (C.D. Cal. June 12, 2019) (dismissing procedural due process claim where "no amount of process can justify" the deprivation alleged); *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (same); *Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018) (procedural due process "beside the point" where "there is no amount of process that would justify" the alleged deprivation); *Luellen v. Schwartz*, 2016 WL 6442178, at *4 (N.D. Ill. Nov. 1, 2016) ("Because Luellen's substantive interest in adequate medical treatment cannot be taken away at all, he cannot complain that it was taken away without procedural protections."); *Clentscale v. Beard*, 2008 WL 3539664, at *5 (W.D. Pa. Aug. 13, 2008) (finding "no procedural due process claim" where "[n]o matter what procedural protections accompanied such a deprivation, it would not matter constitutionally, the Defendants could not accomplish such").[2]

This principle applies in all contexts, including child welfare. *Hilbert S. v. County of Tioga*, 2005 WL 1460316, at *11 & n.12 (N.D.N.Y. June 21, 2005) ("no basis for a procedural due process claim" where no predeprivation process would justify "depriv[ing] plaintiff children of mandated services to which they were entitled by statute"); *Mark G. v. Sabol*, 717 N.E.2d 1067, 1073 (N.Y. 1999) (no procedural due process claim because "[t]he government may not decide to deny a foster child's safety

---

[2] *See also Chamblin v. I.N.S.*, 1999 WL 803970, at *12 (D.N.H. June 8, 1999) (procedural due process was "unnecessary" where plaintiff alleged no amount of process would justify deprivation); *Conway v. Mitchell*, 1999 WL 35808166, at *6 (D.N.M. Dec. 3, 1999) ("The Court does not construe a rape, which no amount of process could justify, as implicating procedural due process issues. Instead, the Court finds Plaintiff's claim to involve the substantive due process guarantees of the Fourteenth Amendment[.]"); *Moore v. Lynn*, 2010 WL 4342305, at *2 (N.D. Fla. Oct. 7, 2010) (procedural due process only applies where deprivation can be justified by adequate process); *Am. Council of Life Insurers v. D.C. Health Benefit Exch. Auth.*, 73 F. Supp. 3d 65, 100 n.19 (D.D.C. 2014), *vacated on other grounds*, 815 F.3d 17 (D.D.C. 2016) (by alleging that "[n]o amount of process allows the government" to effect the deprivation at issue, "plaintiff concedes any procedural due process challenge").

Miller Barondess, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

or entitlements and seek to justify the denial by showing that its processes or procedures were fair"); *Mueller v. County of San Bernardino*, 2018 WL 8130611, at *4 (C.D. Cal. May 9, 2018) (dismissing procedural due process claim because no predeprivation process "would have justified Defendants' turning a blind eye to E.M.'s continued abuse at the hands of his brother.  Nor do [plaintiffs] assert there is such a process."); *Camp v. Gregory*, 67 F.3d 1286, 1299 (7th Cir. 1995) (no procedural due process claim because "[b]etter procedures at DCFS might have reduced the chance that Anthony would be placed in a dangerous environment, but we certainly do not understand [plaintiff] to argue that Gregory would ever have been justified in knowingly placing Anthony in such an environment and thereby depriving him of his liberty").

Here, Plaintiffs claim an absolute right to a home—a right they allege the County cannot lawfully deny under any circumstances.  They allege that "DCFS has no discretion to deny a foster care placement benefit to Plaintiffs." (¶ 234.)  They invoke California Welfare and Institutions Code ("WIC") section 16001.9(a), which states that "[a]ll children placed in foster care … shall have the rights specified in this section," including the right "[t]o live in a safe, healthy, and comfortable home where they are treated with respect" and "[t]o be placed in the least restrictive setting possible[.]" (¶ 235.)  They rely on the California Department of Social Services' ("CDSS") All County Letter 19-105, which provides that placing agencies have an "obligation" to provide housing to nonminor dependents, "the same as is required for a minor in foster care." (*Id.*)  They claim that, no matter the "challenges that may arise when working with an NMD to meet their individual needs, *the placing agency must offer the NMD a safe and suitable placement that is immediately available to the NMD.  The placing agency remains responsible for ensuring that NMDs have access to a safe and suitable placement at all times.*" (¶ 239 (emphasis in SAC).)

And that right, Plaintiffs contend, "attaches immediately upon a nonminor dependent's entry or reentry into foster care and remains intact when a nonminor dependent loses or leaves placement." (*Id.*)  Unlike Section 8 or welfare benefits,

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

whose regulations include parameters for modifying or revoking benefits (and thus procedural due process attaches), Plaintiffs' claim is based on a statute that provides no such mechanism, and the SAC contends there is no lawful means to revoke these rights from a foster youth, ever.  Procedural due process is thus irrelevant.

Plaintiffs' demand for a steady stream of notices and hearings before placement decisions (¶¶ 253-58) also misperceives the procedural due process inquiry.  Plaintiffs believe their right to a placement is so important that they must receive "adequate notice of whether and when DCFS will provide a placement and what placement is being offered." (¶ 254.)  But that is not how procedural due process works.  Plaintiffs were required to plead "what process … had it been followed, would have justified Defendants'" not providing them a "safe, healthy, and comfortable home."  *Mueller*, 2018 WL 8130611, at *4, *6 (dismissing procedural due process claim where plaintiff alleged property interest could not be lawfully denied).  According to Plaintiffs, there is no such process because the right is so "essential and non-discretionary" that it cannot lawfully be denied under any circumstances.  (¶ 258.)  Procedural due process is thus "beside the point."  *Miranda*, 900 F.3d at 353.  The claim fails.

Plaintiffs already assert a substantive due process claim based on the County Defendants' alleged failure to provide placements.  (Order at 17-19.)  Plaintiffs' Third and Fifth causes of action, which demand procedural protections for rights they allege no amount of process could justify denying, should be dismissed with prejudice.

## 2. The SAC Does Not Plead A Due Process Violation

Even if Plaintiffs could state a procedural due process claim based on rights they claim can never lawfully be deprived (they cannot), the claim is not adequately pled.

To state a claim against a municipality, Plaintiffs must plead facts establishing that: "(1) the plaintiff was deprived of a constitutional right; (2) the defendant had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation."  *Brown v. County of Mariposa*, 2019 WL 4956142,

Miller Barondess, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

694692.6

16

at *2 (E.D. Cal. Oct. 8, 2019).  In the context of procedural due process, the first element—deprivation of a constitutional right—requires pleading:  "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process."  *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  The SAC fails to allege any of these elements.

*First*, the SAC fails to plead a property interest protected by the Constitution. "[N]ot every state law creates an interest protected by the U.S. Constitution."  *Johnson v. County of Los Angeles*, 2015 WL 4881349, at *4 (C.D. Cal. Apr. 21, 2015).  And "[n]ot all mandatory statutory or regulatory provisions confer due process entitlements."  *Porter v. S. Nev. Adult Mental Health Servs.*, 2017 WL 6379525, at *10 (D. Nev. Dec. 13, 2017).  "State law can create a right that the Due Process Clause will protect ***only if*** the state law contains '(1) substantive predicates governing official decisionmaking, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive predicates have been met.'"  *Marsh v. County of San Diego*, 680 F.3d 1148, 1155-56 (9th Cir. 2012) (emphasis added); *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989) (state statute must contain "specific directives … [from which] a particular outcome must follow, in order to create a liberty interest").  It is only by "mandating the outcome to be reached" (*Thompson*, 490 U.S. at 462) that a state law gives rise to "a 'legitimate claim of entitlement'" with the force of due process.  *Nozzi*, 806 F.3d at 1191 (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569-70 (1972)).  If there is no "specific, i.e., clearly definable" outcome, it is not an entitlement.  *Forrester v. Bass*, 397 F.3d 1047, 1056 (8th Cir. 2005).

The SAC does not identify any state statute that creates an entitlement to which due process would attach.  Plaintiffs invoke WIC § 16001.9 which provides, in relevant part, that "(a) All children placed in foster care … shall have the rights specified in this section," including "(1) To live in a safe, healthy, and comfortable home where they are treated with respect" and "(4) To be placed in the least restrictive setting possible …."  This statute has already been found ***not*** to create an entitlement.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

17

In *Mueller*, 2018 WL 8130611, at *3, foster youth who were abused in their foster home asserted a procedural due process claim against San Bernardino County. The plaintiffs contended that "California's comprehensive statutory scheme" for foster care "mandated that Defendants take affirmative actions to ensure the well-being of [foster youth], and their failure to do so violates their procedural due process rights." *Id.* Like Plaintiffs here, they argued that section 16001.9 created a legal entitlement because it "mandates that officials follow guidelines and take affirmative actions to ensure the well-being of children in foster care." (Request for Judicial Notice ("RJN"), Ex. A at 22.) In particular, they argued that section 16001.9(a)(1) "expressly provides that foster children have a right to live in a safe, healthy and comfortable home" and that CDSS guidance "create[s] mandatory duties on behalf of the Defendants" to that end. (*Id.* at 22-23; *compare* ¶¶ 235-36, 239 (same).)

The Central District dismissed the procedural due process claim. Judge Fisher found "Plaintiffs have failed to plead that the relevant California statutes and regulations," i.e., WIC § 16001.9, "mandate a particular <u>outcome</u>—as opposed to a mandatory process or duty—which is a necessary component of a procedural due process claim." *Mueller*, 2018 WL 8130611, at *3. Nothing in the statute specified that "a particular outcome must follow[.]" *Id.* (quoting *Thompson*, 490 U.S. at 463). Indeed, what is "safe," "healthy" and "comfortable" (WIC § 16001.9(a)(1)) is neither "specific" nor "clearly definable." *Forrester*, 397 F.3d at 1056. The statute is thus not "sufficiently definite" to create a "reasonable expectation of entitlement" to specific outcomes. *Crawford v. Antonio B. Won Pat Int'l Airport Auth.*, 917 F.3d 1081, 1093 (9th Cir. 2019). It does not create an entitlement. Due process does not apply.

The same goes for Plaintiffs' demand for placement in the "least restrictive setting." (¶ 235.) Far from specifying a clearly definable outcome, "[d]etermining whether a specific placement presents the 'least restrictive setting possible' turns on the individual circumstances and subjective preferences of each foster youth. It is, therefore, inherently discretionary" and "does not give rise to a protected claim of

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

entitlement under state law." (Order at 20); *see also Endsley v. Luna*, 2009 WL 3806266, at *9 n.10 (C.D. Cal. Nov. 12, 2009) (statutory right to "least restrictive" treatment not enforceable via due process clause).[3]

*Second*, the SAC also fails to allege "deprivation" or that any such deprivation was enacted "by the government." *Portman*, 995 F.2d at 904.

"Embedded in our Fourteenth Amendment jurisprudence is a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and private conduct, against which the Amendment affords no shield, no matter how unfair the conduct may be." *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988). The "protections of the Fourteenth Amendment do not extend to 'private conduct abridging individual rights.'" *Id.* "'Careful adherence to the "state action" requirement preserves an area of individual freedom by limiting the reach of federal law' and avoids the imposition of responsibility on a State for conduct it could not control." *Id.* Thus, "constitutional standards are invoked only when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains." *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 994 (9th Cir. 2013).

It is not enough to allege that a plaintiff has not received something they are due. There must be a deprivation due to state action—i.e., "the deprivation of the interest/property must be by the government" and not someone else. *Lamb v. ZBS Law LLP*, 2024 WL 2818297, at *6 (D. Ariz. June 3, 2024); *Vasquez v. Rackauckas*, 734 F.3d 1025, 1042 (9th Cir. 2013) (plaintiff must allege their property interest "has been interfered with by the State"). There is no claim absent the government's "direct

---

[3] Courts have rejected procedural due process claims based on similar rights-creating statutes. *See, e.g., Aguirre v. Sahba*, 2017 WL 2221736, at *3 (C.D. Cal. May 19, 2017) (WIC § 5325.1, which guarantees "right to be free from harm" and "right to prompt medical care and treatment" did not create entitlement); *Marentez v. Baca*, 2011 WL 5509083, at *6 (C.D. Cal. Sept. 29, 2011) (deprivation of "right to send and receive confidential mail" under WIC § 5325 "does not amount to violation of a federally protected right").

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1  personal participation in the deprivation" or "setting in motion a series of acts by others

2  which the actor knows or reasonably should know would cause others to inflict the

3  constitutional injury." *Armstrong v. Reynolds*, 22 F.4th 1058, 1070 (9th Cir. 2022).

4       The SAC does not allege that any County Defendant took any action that

5  deprived Plaintiffs of any right to housing.  Every Plaintiff in this action had been

6  offered a County-facilitated placement at the time this lawsuit was commenced.  (¶ 45

7  (Erykah B. – Transitional Housing Placement for Non-Minor Dependents ("THP-

8  NMD")), ¶ 69 (Onyx G. - STRTP), ¶ 92 (Rosie S. - THP-NMD), ¶ 112 (Jackson K. -

9  THP-NMD), ¶ 136 (Ocean S. - Supervised Independent Living Placement ("SILP")),

10  ¶ 157 (Junior R. - SILP), ¶ 180 (Monaie T. - SILP).  Although Plaintiffs allege there

11  were other periods where they went without a placement, a review of the allegations

12  reveals those instances were either caused by Plaintiffs' own decisions or decisions by

13  ***private landlords***—not "by the government." *Portman*, 995 F.2d at 904.

14       For example, Erykah B. claims she was deprived of her placement in October

15  2023.  (¶ 45.)  But she admits she was discharged by a private landlord for violating

16  program rules.  (*Id.*)  She does not allege the County Defendants had any hand in that

17  decision.  Ocean S., Junior R., and Monaie T. all similarly experienced an interruption

18  in their placements because they were evicted by private landlords.  (¶¶ 133-34, 153

19  179-80.)  Non-minor dependents sign leases and must comply with program rules and

20  requirements.  If they are evicted by a private landlord for breaking those rules, that is

21  not a constitutional deprivation.  It certainly is not deprivation "by the government."

22       Onyx G. left her placement of her own volition.  (¶¶ 64-65.)  The County

23  nevertheless found her Temporary Shelter Care while it looked for another placement

24  and then placed her at an STRTP.  (¶ 66.)  She walked out of that placement too (*id.*),

25  and once again the County found her Temporary Shelter Care until she was placed

26  again (¶ 67.)  In July 2024, her placement was disrupted because the place flooded.

27  (¶ 72.)  The County Defendants did not deprive her of a placement.

28       Rosie S. was approved for SILP within a month of re-entering foster care and

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1    has lived there ever since.  (¶ 89.)  Jackson K. has lived in a SILP since August 2022

2    without interruption.  (¶¶ 111-13.)  None of this is a "deprivation by the government."

3         *Third*, the SAC fails to allege inadequate process.  Plaintiffs do not allege that

4    they have tried to avail themselves of existing state remedies.  That defect is fatal.

5         When "the state provides remedies to protect individual procedural due process

6    rights, but the plaintiff does not avail him- or herself of the protections, 'a section 1983

7    action alleging a violation of those rights will not stand.'"  *Lopez v. National City*, 2020

8    WL 7705889, at *7 (S.D. Cal. Nov. 23, 2020).  Due process "does not allow Plaintiff

9    to skip the available state process altogether."  *Dual Diagnosis Assessment &*

10   *Treatment Ctr., Inc. v. Hughes*, 2016 WL 11522965, at *6 (C.D. Cal. Sept. 27, 2016).

11   A claimant "must either avail himself of the remedies guaranteed by state law or prove

12   that the available remedies are inadequate."  *Hudson v. Palmer*, 468 U.S. 517, 539

13   (1984) (O'Connor, J., concurring); *Shulock v. City of Tucson*, 2010 WL 2720839, at *4

14   (D. Ariz. July 9, 2010) ("[T]o state a claim for failure to provide due process, a plaintiff

15   must have taken advantage of the processes that are available to him or her, unless those

16   processes are unavailable or patently inadequate."); *Lake Nacimiento Ranch Co. v. San*

17   *Luis Obispo County*, 841 F.2d 872, 879-80 (9th Cir. 1987) (the plaintiff's "section 1983

18   claim is barred because there is an available state remedy"); *see also Mora v. City of*

19   *Gaithersburg*, 519 F.3d 216, 230 (4th Cir. 2008) (plaintiff "cannot plausibly claim that

20   [state] procedures are unfair when he has not tried to avail himself of them").

21        Here, the state of California has devoted an entire judicial apparatus to providing

22   the very process Plaintiffs claim they need.  "The ultimate responsibility for the well-

23   being of a dependent child rests with the juvenile court."  *In re Shirley K.*, 140 Cal.

24   App. 4th 65, 73 (2006).  Juvenile courts have "sweeping power to address nearly any

25   type of deficiency in the care of a [dependent] and order nearly any type of relief."

26   *Laurie Q. v. Contra Costa County*, 304 F. Supp. 2d 1185, 1206 (N.D. Cal. 2004); WIC

27   § 362(a) (juvenile courts "may make any and all reasonable orders for the care,

28   supervision, custody, conduct, maintenance, and support of the child").  If deficiencies

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1   are identified, the court can enjoin "any agency that the court determines has failed to

2   meet a legal obligation to provide services to a child." *Id.* § 362(b)(1).  It may enforce

3   those obligations under penalty of contempt.  *Id.* § 213.

4          In addition, every foster "child or nonminor dependent" has counsel whose

5   "primary responsibility" is "to advocate for the protection, safety, and physical and

6   emotional well-being of the child or nonminor dependent."  *Id.* § 317(c)(1), (2).  The

7   scope of representation is expansive:  "Counsel shall be charged in general with the

8   representation of the child's interests.  To that end, counsel shall make or cause to have

9   made any further investigations that he or she deems in good faith to be reasonably

10  necessary … in both the adjudicatory and dispositional hearings."  *Id.* § 317(e)(1).

11         The California Rules of Court require that "[i]f the attorney for the child …

12  learns of any such interest or right" to be protected or pursued, "the attorney … ***must***

13  notify the court immediately and seek instructions from the court as to any appropriate

14  procedures to follow."  Cal. R. Ct. 5.660(g)(2) (emphasis added).  If such a need

15  appears, the court "***must***" "(A) Refer the matter to the appropriate agency for further

16  investigation and require a report to the court within a reasonable time; (B) Authorize

17  and direct the child's attorney to initiate and pursue appropriate action; (C) Appoint a

18  guardian ad litem for the child…; or (D) Take any other action to protect or pursue the

19  interests and rights of the child."  *Id.* R. 5.660(g)(3) (emphasis added).

20         The state of California has set up a plenary judicial process to ensure the needs

21  of foster youth are met.  Any concerns about Plaintiffs' placements can be remedied by

22  California's dependency courts in short order.  Plaintiffs have failed to avail themselves

23  of that process.  That is fatal to their procedural due process claim.[4]

24

25  ───────────────

[4] As before, the bulk of Plaintiffs' core allegations about inadequate process are "on

26  information and belief" without any indication as to the basis of that belief.  (*See, e.g.*,

27  ¶¶ 45 ("Upon information and belief, the provider did not provide her with adequate

    notice ….."), 92 (same), 152 (same), 262 ("On information and belief, however, youth

28  are not given notice of this procedure.").  This style of pleading is improper and

694692.6

MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Finally, because Plaintiffs have not alleged any violation of their federal rights, they necessarily fail to plead the remaining elements of a *Monell* claim: "(2) the defendant had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation." *Brown*, 2019 WL 4956142, at *2. The procedural due process claim should be dismissed without leave to amend.

## B.    The Substantive Due Process Claim Fails

The County Defendants respectfully reassert[5] that substantive due process does not apply because Plaintiffs are all adults who exited traditional foster care (and thereby custody). That Plaintiffs voluntarily opted into non-custodial adult foster services does not extend any prior special relationship. (Dkt. 52-1 at 7-8; Dkt. 91 at 3-5.)

Supreme Court precedent, and new case law decided after the Court's June 11, 2024 Order, hold that the special relationship with a foster youth terminates when custody terminates, even if the youth continues to rely on the government for services or cannot otherwise take care of themselves. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 201 (1989) (special relationship with foster child ended when custody ended; "[t]hat the State once took temporary custody of Joshua does not alter the analysis, … the State does not become the permanent guarantor of an individual's safety by having once offered him shelter"); *Wyatt B. v. Kotek*, 2024 WL 3200547, at *4 (D. Or. June 27, 2024) (finding that "*Deshaney* expressly forecloses the contention that [substantive due process] rights extend to those who are receiving in-home services from a child protective agency, as well as those who had been released from the physical custody of child protective services"); *Schwartz v. Booker*, 2024 WL

_____

"'creates [an] inference that plaintiff likely lacks knowledge of underlying facts to support the assertion[.]" *Martinez*, 2021 WL 2227830, at *7.

[5] The County Defendants offered to forego reasserting this argument here in light of the Court's prior ruling, but Plaintiffs refused to agree that the issue would be preserved for appeal without doing so. (Moridani Decl. ¶¶ 4-13 & Ex. C.)

Miller Barondess, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

3540355, at *9 (D. Colo. July 25, 2024) ("Taking Plaintiffs' argument to its logical conclusion leads to an absurd result: under their analysis, every time the State effects a child placement, it would necessarily always have a special relationship with the child, regardless of whether the State retained custody or exerted control over the child after placements."); *see also J.P. by and through Villanueva v. County of Alameda*, 2018 WL 1933387, at *5 (N.D. Cal. Apr. 24, 2018), *rev'd on other grounds*, 803 F. App'x 106 (9th Cir. 2020) ("This special relationship [with foster child] terminates when the individual is no longer in the state's custody."); *Hayes v. Erie Cnty. Office of Children & Youth*, 497 F. Supp. 2d 684, 695 (W.D. Pa. 2007) ("If the Plaintiffs' argument is taken to its logical conclusion, then child welfare agencies, having once played a role in the placement of a child into an adoptive home, will thereby always assume a 'special relationship' with the child … for an indefinite period of time … notwithstanding the termination of the agency's custodial relationship with the child."); *Bennett ex rel. Irvine v. City of Philadelphia*, 2003 WL 23096884, at *5 (E.D. Pa. Dec. 18, 2003) ("[T]he cumulative result of these cases is that the state's liability hinges upon whether, before the tortious act occurred, the state had ***physical custody*** of the child.") (emphasis added); *Bynum v. City of Magee*, 507 F. Supp. 2d 627, 634 (S.D. Miss. 2007) ("[T]he state's custody over an individual terminates … when the individual is no longer in the state's physical custody."); *Valdez v. Roybal*, 186 F. Supp. 3d 1197, 1265 (D.N.M. 2016) ("A social worker's duty to use professional judgment while the state has custody of a child does not create a never-ending special relationship" that continues for as long as the child receives services).

Should the Court nevertheless conclude substantive due process applies, the claim should remain dismissed to the extent it goes beyond shelter. The FAC alleged Defendants failed to provide the full slate of "basic needs" guaranteed by substantive due process. (FAC ¶ 297 ("Defendants have failed to provide for Plaintiffs' basic needs" as required by substantive due process).) "[B]asic human needs" include "food, clothing, shelter, medical care, and reasonable safety." *DeShaney*, 489 U.S. at 200.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600   LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

The County Defendants moved to dismiss Plaintiffs' substantive due process claim in its entirety for failure to state a claim. (Dkt No. 52-1 at 7-11.) This Court sustained Plaintiffs' substantive due process claim solely "to the extent it is premised on a right to shelter." (Order at 19.) The claim was otherwise dismissed "with leave to amend as to all other bases for the Substantive Due Process Claim." (*Id.*)

In the SAC, the four members of the "Unsheltered Subclass"—Erykah B., Rosie S., Junior R., and Monaie T.—assert a cause of action for violation of substantive due process. (¶¶ 15, 17, 20-21, 364, Fourth Cause of Action ("On Behalf of the Unsheltered Subclass").) These Plaintiffs purport to include in their claim not only shelter but also all the other bases for substantive due process. (¶ 410 ("Defendants have failed to provide for Plaintiffs' basic needs, including, without limitation, reasonable safety; shelter; medical care; and freedom from substantial risk of serious harm.").) But none of the SAC's new allegations is directed to basic needs other than shelter. The SAC contains no new allegations directed at any other basis such as food, clothing, medical care, or otherwise. Accordingly, the substantive due process claim should remain as it was—dismissed—to the extent it is premised on any basis other than shelter. Since Plaintiffs did not even undertake to plead any of these other bases despite being granted leave to amend, dismissal should be with prejudice.

## C.    Plaintiffs' Medicaid Claim Fails

The Medicaid Subclass, consisting of all Plaintiffs except Rosie S. (¶¶ 15-21), alleges the County Defendants have violated the Medicaid Act by failing to provide ICC and MCS. (¶ 424.)

With respect to MCS, Plaintiffs once again fail to plead "the necessary facts regarding the relevant state plan, the required care and services to be provided to Medicaid recipients under that state plan, and whether the services … denied are within the scope of the state plan." (Order at 22 (quoting *Shaughnessy v. Wellcare Health Ins. Inc.*, 2017 WL 663230, at *3 (D. Haw. Feb. 16, 2017)).) While the SAC contains references to Medicaid, it does not point to anything within California's state plan

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

(Medi-Cal) that includes MCS among the available services.   Without pleading facts establishing that MCS was part of California's Medicaid plan at the time MCS allegedly was denied, Plaintiffs fail to state a claim.   Indeed, MCS were not adopted into Medi-Cal until the end of 2023.   The California Department of Health Care Services' Behavioral Health Information Notice No. 23-025 (June 19, 2023) provides that "[n]o sooner than January 1, 2023 … county MHPs [Mental Health Plans] … shall provide, or arrange for the provision of, qualifying mobile crisis services in accordance with the requirements set forth" therein.   (RJN Ex. B at 61.)   The deadline for the County to implement MCS was December 31, 2023.   (*Id.* at 62.)   No Plaintiff alleges that they were denied MCS after that date.   The SAC fails to assert a violation of Medicaid with respect to MCS.

The SAC also fails to plead the remaining three elements of *Monell* liability with respect to both ICC and MCS: (2) a policy, custom or practice that amounted to (3) deliberate indifference to plaintiffs' federal rights and (4) was the moving force behind the constitutional violation.  *Brown*, 2019 WL 4956142, at *2.

The SAC does not point to any formal policy of denying ICC or MCS.  Thus, the claim must be premised upon custom or practice, which requires the plaintiff to allege facts establishing governmental conduct so "'permanent and well settled as to'" have the "'force of law.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).  To rise to that level, alleged violations must be "widespread" and "pervasive."   *Hunter v. County of Sacramento*, 652 F.3d 1225, 1233 (9th Cir. 2011).  Liability "may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Plaintiffs must allege "***specific facts*** that demonstrate … duration, frequency, and consistency to establish a custom."  *Rodriguez v. County of San Bernardino*, 2023 WL 5337818, at *7 (C.D. Cal. Aug. 17, 2023) (emphasis added); *Jasmin v. Santa Monica Police Dep't*, 2017 WL 10575167, at *8 (C.D. Cal. Sept. 22, 2017) (same).

The SAC does not come close.  With respect to ICC, the SAC alleges that a "Triennial Review" determined about one fifth of children whose files were reviewed were not assessed for ICC and that about half of those "appear[ed] to have necessitated an individualized [ICC] determination." (¶ 333 & n.63.)  Neither alleged fact, including what Plaintiffs represent is a direct quote from the report, exists in the document hyperlinked in the SAC.  (*See id.*)

The only other "facts" alleged are that "23.9% of Medi-Cal eligible children" received ICC (¶ 334) and "6.4% of Medi-Cal eligible children" received MCS in 2022 (¶ 336).  All this indicates is the percentage of youth who received these services.  It says nothing about what percentage ***should be*** receiving ICC and MCS. "[U]nwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).  Either way, the SAC fails to establish "practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918.

The SAC also fails to meet the other *Monell* elements, for it "offers no basis from which the Court may conclude that other similar incidents did, in fact, occur; or that they were sufficiently serious or widespread such that Defendants should have known, or did know, that they occurred and warranted remedial action." *Jensen v. County of Los Angeles*, 2017 WL 10574059, at *9 (C.D. Cal. July 13, 2017).  It does not identify "a deliberate choice" to not provide ICC or MCS.  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (deliberate indifference).  And it does not "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *AE v. County of Tulare*, 2010 WL 1407857, at *13 (E.D. Cal. Apr. 7, 2010) (causation).  None of the requirements for *Monell* liability is satisfied.  The Medicaid claim should be dismissed without leave to amend.

### D.    Plaintiffs' Integration Mandate Claim Fails

Four named Plaintiffs comprising the "STRTP Subclass" (Onyx G., Ocean S., Junior R., and Monaie T. (¶¶ 16, 19-21)) assert causes of action for violation of the

Miller Barondess, LLP
Attorneys at Law
2121 Avenue of the Stars, Suite 2600  Los Angeles, California 90067
Tel: (310) 552-4400    Fax: (310) 552-8400

ADA and RA integration mandate.  The claims fail for multiple reasons.

### 1.    Plaintiffs Do Not Allege They Are Institutionalized

Under Title II of the ADA,[6] "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Its implementing regulations require public entities to "administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities."  28 C.F.R. § 35.130(d).  Interpreting this to impose an "integration mandate," the Supreme Court ruled in *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 597 (1999) that "[u]njustified isolation" of persons with disabilities is "discrimination based on disability."

To be clear, "unjustified isolation does not mean isolation that could be avoided if a state or public entity simply provided more or better services."  *Disability Rights Cal. v. County of Alameda*, 2021 WL 212900, at *8 (N.D. Cal. Jan. 21, 2021) (*DRC*).  *Olmstead* "did not establish that state or local governments are subject to a particular 'standard of care'" in their provision of services, nor did it require states to "provide a certain level of benefits to individuals with disabilities."  *Id.* (quoting *Olmstead*, 527 U.S. at 603 n.14).  What the integration mandate precludes is "providing services in an institutional setting that could be provided in a less restrictive setting[.]"  *Id.*

The key to an *Olmstead* claim is thus unjustified institutionalization.  To plead a claim, the plaintiff must plausibly allege they are unjustifiably institutionalized because "(1) treatment professionals have determined that community-based services are appropriate, (2) the plaintiffs do not oppose such services, and (3) the services can be reasonably accommodated."  *M.G. v. N.Y. State Office of Mental Health*, 572 F. Supp.

---

[6] The ADA and RA are "interpreted coextensively because 'there is no significant difference in the analysis of rights and obligations created by the two Acts.'"  *Payan v. L.A. Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021).

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

3d 1, 14 (S.D.N.Y. 2021); *DRC*, 2021 WL 212900, at *12 (same); *Martin v. Taft*, 222
F. Supp. 2d 940, 972 (S.D. Ohio 2002) (same); *Lindenbaum v. Northwell Health, Inc.*,
2022 WL 541644, at *6 (E.D.N.Y. Feb. 23, 2022) (same); *Dyous v. Dep't of Mental
Health & Addiction Servs.*, 2024 WL 1141856, at *15 (D. Conn. Mar. 15, 2024) (same).

No Plaintiff alleges they are institutionalized or that a treatment professional has
determined any present institutionalization is improper.[7]  (*See* ¶¶ 31-185.)  Plaintiffs
allege only that they *could be* institutionalized in the future.  (¶ 61 (Onyx G.), ¶ 127
(Ocean S.), ¶ 164 (Junior R.), ¶ 185 (Monaie T.).)  That is not enough.

### 2.    Mere Risk Of Institutionalization Is Not Enough

In 2011, a three-judge panel of the Ninth Circuit ruled that a plaintiff could state
an integration mandate claim based on the theory "that the challenged state action
creates a serious risk of institutionalization."  *M.R. v. Dreyfus*, 663 F.3d 1100, 1116
(9th Cir. 2011).  That ruling has since been abrogated.

The *Dreyfus* ruling was based entirely on deference to a statement of interest
filed by the Department of Justice ("DOJ") taking the position that "[t]he integration
mandate prohibits public entities from pursuing policies that place individuals at risk
of unnecessary institutionalization."  663 F.3d at 1117.  Citing *Auer v. Robbins*, 519
U.S. 452 (1997), the court determined that the DOJ's interpretation of the integration
mandate was "controlling" and that "deference is required."  *Id*.  Applying so-called
"*Auer* deference," the court eschewed an independent analysis of whether mere risk of
institutionalization is enough to state a claim under the integration mandate, *see id.*,
instead adopting wholesale what the dissent described as a "bald, unreasoned
statement" by the DOJ.  *Id.* at 1124 (Rawlinson, J., dissenting).

That approach has since been abrogated by *Kisor v. Wilkie*, 588 U.S. 558 (2019).

---

[7] Some courts have debated whether the assessment must be by the State's treatment
professionals or whether an assessment by any treatment professional can suffice.  For
present purposes, it makes no difference because neither is alleged.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

1   In *Kisor*, the Supreme Court ruled that *Auer* "deference can arise only if a regulation is

2   genuinely ambiguous. And when we use that term, ***we mean it***—genuinely ambiguous,

3   even after a court has resorted to all the standard tools of interpretation." *Id.* at 573

4   (emphasis added). Absent real ambiguity, "courts should not give deference to an

5   agency's reading" for, "[i]f uncertainty does not exist, there is no plausible reason for

6   deference"; the regulation "just means what it means—and the court must give it effect,

7   as the court would any law." *Id.* at 573-75. "[B]efore concluding that a rule is

8   genuinely ambiguous, a court must exhaust all the 'traditional tools' of construction."

9   *Id.* at 575. "[O]nly when that legal toolkit is empty and the interpretive question still

10  has no single right answer can a judge conclude that it is 'more [one] of policy than of

11  law'" such that an agency's opinion controls. *Id.*

12       Subsequently, in *United States v. Castillo*, 69 F.4th 648 (9th Cir. 2023), the Ninth

13  Circuit reviewed prior *Auer* deference cases and determined that its prior practice of

14  deferring to agency interpretations without first finding a genuine ambiguity or

15  performing an independent judicial interpretation was so "clearly irreconcilable" with

16  *Kisor* that those decisions were to be disregarded. *Id.* at 655-56. Although "[w]e are

17  generally bound by our own precedent," a "three-judge panel may reexamine normally

18  controlling Circuit precedent in the face of an intervening United States Supreme Court

19  decision" where "the reasoning or theory of our prior circuit authority is clearly

20  irreconcilable with the reasoning or theory of intervening higher authority." *Id.* at 656.

21  The court found that "*Kisor* is an intervening decision of a higher authority," that *Kisor*

22  now makes it impermissible to defer absent "uncertainty," and that the prior cases

23  deferring to agency interpretation in the absence of genuine ambiguity were

24  "irreconcilable with *Kisor's* instructions regarding review of agency regulations and

25  deference to an agency's … interpretive commentary." *Id.* at 657, 662-63.

26       Under *Kisor* and *Castillo*, *Dreyfus* is no longer good law. *Dreyfus* made no

27  finding that implementing regulations setting forth the integration mandate are

28  "genuinely ambiguous." *Kisor*, 588 U.S. at 573; *Dreyfus*, 663 F.3d at 1116-17. It did

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

1  not "exhaust all the 'traditional tools' of construction" before deferring to the DOJ's

2  opinion that mere risk of institutionalization is enough to state a claim. *Kisor*, 588 U.S.

3  at 575; *Dreyfus*, 663 F.3d at 1116-17. It just deferred. That is precisely what *Kisor*

4  prohibits. In "cases of such clear irreconcilability, … ***district courts*** should consider

5  themselves bound by the intervening higher authority and reject the prior opinion of

6  this court as having been effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 900

7  (9th Cir. 2003) (en banc) (emphasis added). This is such a case.

8      *Dreyfus*' finding that mere risk of institutionalization can sustain an integration

9  mandate claim should be disregarded. The better and more recent view is that stated

10  in *United States v. Mississippi*, 82 F.4th 387 (5th Cir. 2023). There, the Fifth Circuit

11  found that "nearly all" of the "risk of institutionalization" cases ran afoul of *Kisor*,

12  because they "rely heavily, but mistakenly, on the DOJ guidance promoting 'at risk'

13  Title II discrimination claims." *Id.* at 396-97 (collecting cases, including *Dreyfus*).

14  Conducting the independent analysis *Kisor* requires, the Fifth Circuit found that

15  "[n]othing in the text of Title II, its implementing regulations, or *Olmstead* suggests

16  that a *risk of institutionalization*, without actual institutionalization, constitutes

17  actionable discrimination." *Id.* at 392. The "ADA does not define discrimination in

18  terms of a prospective risk to qualified disabled individuals." *Id.* And "the integration

19  mandate does not speak to 'risks' of maladministration." *Id.* "'[A]t risk' claims of

20  ADA discrimination are not within the statutory or regulatory language." *Olmstead*

21  simply "supplies no basis for an at-risk claim," *id.* at 393, and "Title II unambiguously

22  covers ***only*** those 'subjected to discrimination by any such entity,' not those who might

23  be at risk of that discrimination." *Id.* at 396 n.20 (emphasis added).

24      Plaintiffs do not allege they are institutionalized. They allege only that they face

25  the possibility of institutionalization in the future. Such a claim is not cognizable under

26  the integration mandate.

27          **3.    Plaintiffs Do Not Plead Risk Of Institutionalization**

28  Even if a "risk" of institutionalization claim were cognizable (it is not), the SAC

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

1  still fails to state a claim because it does not plausibly plead that Plaintiffs face a serious
2  risk of institutionalization.

3      Assuming that a "risk of institutionalization" theory is viable, the Plaintiff must
4  plead "an unnecessary risk that [they] will need to enter an institution to obtain services
5  they could otherwise obtain in the community." *DRC*, 2021 WL 212900, at *11.[8] The
6  integration mandate "does not provide a remedy for when government entities could
7  generally do more to keep people from being institutionalized." *Id.* Neither does it
8  "provide a remedy for when state and local governments deliver services that,
9  regardless of setting, could be expanded to reduce the County's rate of
10  institutionalization." *Id.* Rather, the plaintiff must "point to … a risk that [they] will
11  need to endure institutionalization to receive specific services that could be provided
12  in the community" when "treatment professionals have determined that community
13  placement for receipt of these services is appropriate[.]" *Id.* at *12.

14      The SAC contains no such allegations. Onyx G., Ocean S., Junior R., and
15  Monaie T. state the pure conclusion that "past STRTP institutionalization places [them]
16  at serious risk of future institutionalization." (¶¶ 76, 127, 149, 172.) These are not
17  facts. *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a
18  formulaic recitation of the elements of a cause of action will not do.").

19      Ocean S. and Junior R. also allege that "Defendants' failure to provide [them]
20  with consistent, trauma-informed behavioral health services and safe and appropriate
21  placements creates a serious risk that [they] could become unnecessarily
22  institutionalized[.]" (¶¶ 141, 164.) Monaie T. similarly alleges that "[w]ithout access
23  to necessary behavioral health services and stable housing supports, Monaie remains at
24  serious risk of a return to institutionalization and segregation from her community."

25

26  ─────────────────
27  [8] *DRC* was decided before *Castillo* and thus did not have the benefit of the Ninth Circuit's proclamation that *Kisor* effectively overruled prior panel opinions applying
28  *Auer* deference in the absence of genuine ambiguity and independent judicial analysis.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL. (310) 552-4400  FAX: (310) 552-8400

(¶ 185.)  But the integration mandate is not about the adequacy or availability of necessary services.  "[T]he issue is the *location* of services, not *whether* services will be provided."  *Townsend v. Quasim*, 328 F.3d 511, 517 (9th Cir. 2003).  The alleged "need to expand and strengthen community-based services so that fewer County residents are institutionalized" and "alleged shortcomings in reducing institutionalization are not enough to plausibly state a disability discrimination claim." *DRC*, 2021 WL 212900, at *12.  Plaintiffs must allege facts establishing a risk that they face a present risk of having to be institutionalized in order to get services that otherwise could be provided in the community.  *See id.*  The SAC fails to do so.

The SAC fails to state a claim for violation of the integration mandate.  Because no named Plaintiff is institutionalized, and mere risk of institutionalization is not enough, the claim should be dismissed with prejudice.

## V.    <u>DISMISSAL SHOULD BE WITH PREJUDICE</u>

The SAC's deficiencies are legal ones that cannot be remedied by more or better facts.  Accordingly, amendment would be futile and should be denied.  (Order at 7 ("[A]llowing leave to amend is inappropriate in circumstances where litigants have failed to cure previously identified deficiencies, or where an amendment would be futile.").)  In any event, the time to amend pleadings in this action has passed.  (Dkt. 107.)  Any request for leave to amend "is judged under Federal Rule of Civil Procedure 16's 'good cause' standard rather than the 'liberal amendment policy' of FRCP 15(a)." *DRK Photo*, 870 F.3d at 989.  This action has been pending for more than a year.  At this stage, there is no cause for failing to include in the SAC allegations that Plaintiffs believe would render their claims plausible.  Dismissal should be with prejudice.

## VI.    <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiffs' substantive due process claim should be dismissed entirely with prejudice or, otherwise, remain limited to shelter.  Plaintiffs' claims for violation of procedural due process, Medicaid, and the ADA and RA integration mandate should be dismissed with prejudice.

1

2  DATED:  September 23, 2024          MILLER BARONDESS, LLP

3

4

5                                      By: _____

6                                          FARBOD S. MORIDANI
                                           Attorneys for Defendants
7                                          County of Los Angeles, the Department
                                           of Children and Family Services, and the
8                                          Department of Mental Health

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400  FAX: (310) 552-8400

34

MEMORANDUM IN SUPPORT OF COUNTY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM