UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-06921 JAK (Ex) | Date | December 4, 2024 |
| Title | Ocean S., et al. v. Los Angeles County, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| D. Torrez | Not Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE COUNTY DEFENDANTS' MOTION TO CERTIFY FOR IMMEDIATE APPEAL ORDER DENYING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (DKT. 121)**

**I.    Introduction**

On August 22, 2023, six persons, on behalf of themselves and others similarly situated ("Plaintiffs"), brought this action against Los Angeles County as well as certain government entities and officials responsible for administering and supervising the County's child welfare system and Medicaid program ("Defendants"). Dkt. 1. On September 21, 2023, Plaintiffs filed a First Amended Complaint ("FAC"). Dkt. 21. The Named Plaintiffs are Erykah B., Onyx G., Rosie S., Jackson K., Ocean S., Junior R. and Monaie T. *Id.* at 1. The County Defendants are Los Angeles County (the "County"); the County Department of Children and Family Services ("DCFS") and Brandon Nichols, who is the Director of DCFS; and the Department of Mental Health ("DMH") and Lisa Wong, who is the Director of DMH. *Id.* at 2. The State Defendants are the California Department of Social Services ("CDSS") and Kim Johnson, who is the Director of CDSS ("Director Johnson"); the California Department of Health Care Services ("DHCS") and Michelle Baass, who is the Director of DHCS ("Director Baass"); and the California Health and Human Services Agency ("CalHHS") and Mark Ghaly, who is the Secretary of CalHHS ("Secretary Ghaly"). *Id.* On February 9, 2024, Plaintiffs voluntarily dismissed Brandon Nichols and Lisa Wong as defendants. Dkt. 82.

The FAC advances seven causes of action: (1) violation of the Adoption Assistance and Child Welfare Act of 1980, 42 U.S.C. § 670 *et seq.* (the "AACWA Claim"); (2) violation of substantive due process under the Fourteenth Amendment to the U.S. Constitution (the "Substantive Due Process Claim"); (3) violation of procedural due process under the Fourteenth Amendment to the U.S. Constitution (the "Procedural Due Process Claim"); (4) violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(b) (the "Section 504 Claim"); (5) violation of the American with Disabilities Act of 1990, 42 U.S.C. § 12102 *et seq.* (the "ADA Claim"); (6) violation of the rights to freedom of familial association and privacy under the First and Fourteenth Amendments to the U.S. Constitution (the "Familial Association Claim"); and (7) violation of the Early and Periodic Screening, Diagnostic and Treatment ("EPSDT") provisions of the Medicaid Act, 42 U.S.C. § 1396a(a)(10)(A), a(43)(C), d(a)(4)(B), d(r) (the "Medicaid Act Claim"). Dkt. 21 ¶¶ 290–355. The first, second, third, sixth and seventh causes of action were brought under 42 U.S.C. § 1983 (the "1983 Claims").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-06921 JAK (Ex) | Date | December 4, 2024 |
|---|---|---|---|
| Title | Ocean S., et al. v. Los Angeles County, et al. | | |

On November 29, 2023, Defendants filed several motions to dismiss (the "MTDs"). In relevant part, the County Defendants filed a motion to dismiss for lack of subject matter jurisdiction (the "County SMJ MTD"). Dkt. 51. Plaintiffs opposed the motion (the "County SMJ Opposition" (Dkt. 66)), and the County filed a reply (the "County SMJ Reply" (Dkt. 90)).

On June 11, 2024, an Order issued granting in part and denying in part the MTDs (the "MTD Order"). Dkt. 120. The County SMJ MTD was denied. *Id.* at 14.

On June 21, 2024, the County Defendants filed a Motion to Certify for Immediate Appeal Order Denying Motion to Dismiss for Lack of Subject Matter Jurisdiction (the "Motion to Certify"). Dkt. 121. On July 1, 2024, Plaintiffs filed an opposition to the Motion to Certify (the "Certify Opposition" (Dkt. 123)), as well as a Request for Judicial Notice (the "RJN" (Dkt. 124)). On July 26, 2024, the County Defendants filed a reply in support of the Motion to Certify (the "Certify Reply"). Dkt. 128.

On August 12, 2024, Plaintiffs filed a Second Amended Complaint (the "SAC").[1]

For the reasons stated in this Order, the Motion is **GRANTED**.

**II.      Background**

      A.      The Parties

           1.      Plaintiffs and the Putative Classes

It is alleged that Plaintiffs are in foster care and are between the ages of 16 and 21 ("transition age foster youth") and that they have been deprived of meaningful access to housing, mental health and other necessary services. Dkt. 21 ¶ 1. It is further alleged that Plaintiffs and other transition age foster youth have experienced significant trauma in connection with the foster care system, including separation from their families, loss of community and physical, emotional and sexual abuse. *Id.* ¶ 3.

It is alleged that a disproportionately high percentage of these youth have mental health and other disabilities related to chronic, ongoing interpersonal trauma; it is also alleged that some are now young parents who seek health, stability and safety for themselves and their families. *Id.* It is alleged that the Named Plaintiffs as well as the vast majority of the County's foster youth come from low-income communities of color. *Id.* ¶¶ 3, 16–22.

The FAC seeks certification of the following class and three subclasses: (1) a "General Class" including all transition age foster youth who are or will be in extended foster care in the County; (2) an "ADA Subclass" including all members of the General Class with mental impairments due to mental health conditions that substantially limit a major life activity; (3) a "Medicaid Subclass" including all members of the General Class who are eligible for specialty mental health services and for whom the service is needed to ameliorate a mental health condition; and (4) an "Expecting and Parenting Subclass" including all members of the General Class who are pregnant and/or parenting. *Id.* ¶ 281.

---

[1] The allegations in the SAC that constitute changes to the FAC are not material to, and do not affect the evaluation of subject matter jurisdiction, which is at issue in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-06921 JAK (Ex) | Date | December 4, 2024 |
|---|---|---|---|
| Title | Ocean S., et al. v. Los Angeles County, et al. | | |

The FAC alleges that all the Named Plaintiffs have suffered harms caused by violations of law, and that these are the same as those experienced by the putative General Class. *Id.* ¶ 287. It is alleged that all the Named Plaintiffs also have claims that are typical of claims of the ADA and Medicaid Subclasses. *Id.* It is alleged that Plaintiffs Rosie S., Ocean S. and Monaie T. have claims that are typical of claims of the Expecting and Parenting Subclass. *Id.*

  2.  <u>Defendants</u>

It is alleged that Defendants are responsible for providing care and Medicaid services to foster youth, including transition planning, housing, developmental, educational and health services. *Id.* ¶ 2. In fulfilling these responsibilities, it is alleged that Defendants must provide foster youth with safe, stable and appropriate placements that are free from physical, psychological and emotional harm. *Id.* It is alleged that, because Defendants have failed to fulfill these duties, they have created a pipeline for those in the foster care system to become persons who live on the margins of society. *Id.* ¶ 4.

With respect to the County Defendants, it is alleged that the County is a local government entity that oversees and monitors DCFS and DMH. *Id.* ¶ 23. It is alleged that DCFS is responsible for administering foster care services in the County, providing placements for youth in the foster care system and ensuring the safety and wellbeing of children under court supervision. *Id.* ¶ 24. It is alleged that DMH is responsible for providing behavioral health services to transition age foster youth in Los Angeles, including by providing necessary, specialty mental health services. *Id.* ¶ 26.

With respect to the State Defendants, it is alleged that CDSS, which is led by Director Johnson, is the "single state agency" responsible for supervising and monitoring California's foster care system. *Id.* ¶¶ 30–31. It is alleged that DHCS, which is led by Director Baass, is the "single state agency" responsible for administering California's Medicaid program. *Id.* ¶¶ 32–33. Finally, it is alleged that CalHHS, which is led by Secretary Ghaly, is responsible for overseeing and monitoring CDSS and DHCS. *Id.* ¶¶ 28–29.

  B.  Relevant Procedural Background

As noted, on November 29, 2023, Defendants filed the MTDs. The County Defendants filed the County SMJ MTD. Dkt. 51. Thereafter, Plaintiffs filed the County SMJ Opposition (Dkt. 66), and the County filed the County SMJ Reply (Dkt. 90). In relevant part, the County SMJ MTD was denied. *Id.* at 14.

**III.**  <u>**Request for Judicial Notice**</u>

Federal Rule of Evidence 201(b) provides that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Court orders are properly subject to judicial notice. *See Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record . . . including documents on file in federal or state courts.") (internal citations omitted); *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 943 (C.D. Cal. 2014) (taking judicial notice of court orders in other matters).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-06921 JAK (Ex) | Date | December 4, 2024 |
|---|---|---|---|
| Title | Ocean S., et al. v. Los Angeles County, et al. | | |

Plaintiffs seek judicial notice of an order from the United States Court of Appeals for the Ninth Circuit in *Jeremiah M. v. Kovol*, Appellate No. 23-2726, filed December 18, 2023, denying a petition for permission to appeal an order denying a motion to dismiss. *See* Dkts. 123-2, 124. Because the order is a matter of public record, no issues of authenticity have been presented and Defendants have not opposed the RJN, judicial notice is appropriate. Therefore, the RJN is **GRANTED**.

IV.     **Analysis**

    A.     Motion to Certify for Interlocutory Appeal

        1.     Legal Standards

Certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. *See* 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). The district court may certify an order for interlocutory appellate review under Section 1292(b) if the following requirements are met: (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate conclusion of the litigation. *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1026); 28 U.S.C. § 1292(b). The requirements of Section 1292(b) are jurisdictional. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

"[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)); *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."). Therefore, "[Section] 1292(b) is to be applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). "The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.' " *Fukuda v. County of Los Angeles*, 630 F. Supp. 228, 229 (C.D. Cal. 1986) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). "Even where the statutory criteria of Section 1292(b) are met, the district court 'retains discretion to deny permission for interlocutory appeal.' " *CoStar Grp, Inc. v. Com. Real Est. Exch., Inc.*, No. 2:20-cv-08819-CBM-ASx, 2023 WL 6783957, at *3 (C.D. Cal. July 20, 2023) (quoting *Kuzinski v. Schering Corp.*, 614 F. Supp. 2d 247, 249 (D. Conn. 2009)).

        2.     Application

The County Defendants argue that the MTD Order's denial of the County SMJ MTD for lack of subject matter jurisdiction on *Younger* abstention grounds should be certified for interlocutory appeal. *See* Dkt. 121-1 at 6. In support of this position, the County Defendants contend that the abstention issue is a controlling question of law, as to which there are substantial grounds for difference of opinion, and whose immediate appeal may materially advance the ultimate termination of the litigation. *Id.* That

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-06921 JAK (Ex) | Date | December 4, 2024 |
| Title | Ocean S., et al. v. Los Angeles County, et al. | | |

question is whether "*Younger* abstention applies to federal lawsuits seeking to reform, restructure, and monitor state child-welfare systems." *Id.* The determinative issue in the MTD Order was specifically whether post-removal dependency hearings constitute "civil enforcement proceedings" under *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), for the purposes of *Younger* abstention. Dkt. 128 at 9; *see* Dkt. 120 at 9.

        a)       Controlling Question of Law

A question is "controlling" for purposes of § 1292(b) where "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. "A question may be controlling even though its resolution does not determine who will prevail on the merits. But it is not controlling simply because its immediate resolution may promote judicial economy." *Williams v. Alameda County*, 657 F. Supp. 3d 1250, 1254 (N.D. Cal. 2023) (citing *In re Cement Antitrust Litig.*, 673 F.2d at 1026–27).

A question of law is one that presents only legal issues, not any factual ones. *See ICTSI Or.*, 22 F.4th at 1131–32 (9th Cir. 2022); *see also Porter v. Mabus*, No. 07-CV-0825-AWI, 2014 WL 669778, at *2 (E.D. Cal. Feb. 20, 2014) ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact, or whether the district court properly applied settled law to the facts.") (quoting *Simmons v. Akanno*, No. 1:09-cv-00659-GBC (PC), 2011 WL 1566583, at *7–8 (E.D. Cal. Apr. 22, 2011)). Therefore, a mixed question of law and fact that requires applying the legal standard to the facts of the case is not appropriate for certification. *See, e.g.*, *Ill. Union Ins. Co. v. Intuitive Surgical, Inc.*, No. 13-CV-04863-JST, 2016 WL 5905935, at *2–3 (N.D. Cal. Oct. 11, 2016) (interlocutory appeal denied where movant argued for certification of a mixed question of law and fact) (citing *Steering Comm. v. United States*, 6 F.3d 572, 575–76 (9th Cir. 1993)); *Lovett v. Omni Hotels Mgmt. Corp.*, No. 14-CV-02844-RS, 2016 WL 7732622, at *2 (N.D. Cal. Apr. 18, 2016) (same). "But where the mixed question is coupled with a 'pure legal question,' such as whether the district court applied the correct legal standard, both questions can be certified — or at least, the Ninth Circuit may in its discretion exercise appellate jurisdiction over both." *Williams*, 657 F. Supp. 3d at 1254 (quoting *Steering Comm.*, 6 F.3d at 575–76)).

Whether *Younger* abstention applies to Plaintiffs' claims is a controlling question in this action. Where applicable, *Younger* abstention is a "mandatory doctrine[]" that requires dismissal. *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005). Thus, whether dismissal under *Younger* is necessary "could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.

Further, whether *Younger* abstention applies to Plaintiffs' claims -- and more specifically, whether post-removal dependency proceedings qualify as "civil enforcement proceedings" under *Sprint* -- is a question of law. *See Comm'cns Telesystems Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1015 (9th Cir. 1999) ("We review a decision to abstain under *Younger* as a question of law."); *see also Vasquez v. Rackauckas*, 734 F.3d 1025, 1035, (9th Cir. 2013) ("We review de novo a district court's determination as to whether *Younger* abstention is warranted."); *see Jeremiah M. v. Crum*, 695 F. Supp. 3d 1060, 1109 n.334 (D. Alaska 2023) (applicability of *Younger* is a "controlling question of law").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-06921 JAK (Ex) | Date | December 4, 2024 |
| Title | Ocean S., et al. v. Los Angeles County, et al. | | |

Accordingly, the first prong of Section 1292(b) is satisfied.

        b)        Substantial Grounds for Difference of Opinion

"To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (internal citations and quotation marks omitted). However, "[i]nterlocutory review 'should not be used merely to provide a review of difficult rulings in hard cases.' " *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d. 856, 880 (C.D. Cal. 2012) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Ready Pac Foods, Inc.*, CV-09-3220-RSWL, 2011 WL 1059284, at *4 (C.D. Cal. Mar. 18, 2011)). Further, "[a] party's strong disagreement with the Court's ruling is not sufficient for there to be a substantial ground for difference," and the fact that "settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F. 3d at 633.

The County Defendants argue that, because the Ninth Circuit has not addressed the issue, and those Circuits that have done so have reached different outcomes, there are substantial grounds for difference of opinion. Dkt. 121-1 at 11–14; Dkt. 128 at 11–14. Plaintiffs disagree. Dkt. 123 at 10–15.

*First*, the County Defendants argue that there is a "clear circuit split" as to "the scope and impact" of *Moore v. Sims*, 442 U.S. 415 (1979). Dkt. 121-1 at 11. In *Moore*, two parents and their minor children brought an action in federal court to challenge the constitutionality of a Texas statute permitting the temporary removal of children from their homes following allegations of child abuse. *See id.* at 418–19. The Court held that the district court should have abstained under *Younger* because "the State here was a party to the state proceedings, and the temporary removal of a child in a child-abuse context is . . . 'in aid of and closely related to criminal statutes.' " *Id.* at 423 (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975)).

Two Circuit Courts have evaluated *Moore* in light of the Supreme Court's subsequent decision in *Sprint*. *Sprint* held that *Younger* abstention was limited to: (1) "ongoing state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." 571 U.S. at 78 (cleaned up).

In *Ashley W. v. Holcomb*, the Seventh Circuit determined that under *Moore*, "*Younger* applies to state-initiated child-welfare litigation." 34 F.4th 588, 591 (7th Cir. 2022). In *Jonathan R. by Dixon v. Justice*, the Fourth Circuit took a different approach. It concluded that periodic foster care hearings, which usually "involve approving foster-care plans, ordering payments for medical or mental-health services, affirming out-of-state transfers, and generally ensuring the children's placements continue to be in their best interest," are not quasi-criminal proceedings. 41 F.4th 316, 331 (4th Cir. 2022). The Fourth Circuit distinguished the different aspects of these types of welfare proceedings. Thus, it held that the "*initial* child-removal proceeding" at issue in *Moore* concerned one "side of the foster-care process" rendering it quasi-criminal, but that the "*ongoing* individual hearings here" fall "outside the three 'exceptional categories' the Court identified" in *Sprint*. *Id.* at 329–30, 332.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-06921 JAK (Ex) | Date | December 4, 2024 |
|---|---|---|---|
| Title | Ocean S., et al. v. Los Angeles County, et al. | | |

Plaintiffs argue that, because *Ashley W.* and *Jonathan R.* are reconcilable, they do not present a dispute between Circuits. Dkt. 123 at 13–14. Plaintiffs contend that *Ashley W.* does not stand for the proposition that *Younger* abstention applies to *all* "state-initiated child-welfare litigation." *Id.* at 13 (citing *Nicole K. v. Stigdon*, 990 F.3d 534, 536 (7th Cir. 2021) (*Moore* "holds that *Younger* applies to some kinds of child-welfare proceedings")). However, the Seventh Circuit did not include the same "some" qualifier in *Ashley W.* 34 F.4th at 591. Further, the Fourth Circuit cited *Ashley W.* as implying that "*Moore* applies to all 'state-initiated child-welfare litigation.' " *Jonathan R.*, 41 F.4th at 332 n.7. Regardless of whether "all" is deemed necessary to the Seventh Circuit decision that *Younger* abstention applies to state-initiated child-welfare litigation, it is evident that the Seventh Circuit did not consider whether any aspect of the state welfare proceedings at issue were quasi-criminal or ultimately equivalent to a civil enforcement proceeding. *See Ashley W.*, 34 F.4th at 591–92, 594. Rather, the Seventh Circuit relied on *Moore* for its general conclusion that state welfare litigation is subject to *Younger* abstention. *Id.* at 591, 594.

District courts interpreting *Ashley W.* and *Jonathan R.* have also noted apparent differences between them. *See*, *A.B. by Wilson v. Holcomb*, No. 3:23cv760 DRL-MGG, 2024 WL 2846363, at *7 ("One circuit has declined to abstain under such a theory and thereby declined to follow *Ashley*. *See* [*Jonathan R*]. Though another circuit might espouse a different view, this court has no such authority to ignore *Ashley*."); *see Jeremiah M.*, 695 F. Supp. 3d at 1078 ("In 2022, the Seventh Circuit and the Fourth Circuit each considered the applicability of *Moore* to foster care class actions, reaching conflicting results as to *Younger* abstention.").

For these reasons, for purposes of the Motion, there is a sufficient difference in the decisions of two Circuits as to the application of *Younger* abstention to state welfare proceedings. It includes whether, in whole or in part, state welfare proceedings qualify as civil enforcement actions.

*Second*, the parties dispute whether the Ninth Circuit has "spoken" on the issue. *Couch*, 611 F.3d at 633; *see* Dkt. 121-1 at 13; Dkt. 123 at 11; Dkt. 128 at 11–12. Plaintiffs argue that the Ninth Circuit has addressed the issue whether "abstention necessarily applies in child welfare reform litigation such as this one when plaintiffs are under state court jurisdiction." Dkt. 123 at 11 (citing *L.H. v. Jamieson*, 643 F.2d 1351 (9th Cir. 1981)). County Defendants argue that *L.H.* is not controlling given the posture of this action. Dkt. 128 at 11–12.

In *L.H.*, the Ninth Circuit declined to apply *Younger* abstention where children who had been found dependent, neglected, or delinquent by Arizona state courts brought a class action suit seeking additional funding for private agencies responsible for their care. 643 F.2d at 1352, 1354. *L.H* held that *Younger* abstention did not apply because: (i) the children were not "seeking to enjoin any state proceeding," nor were they "seeking to enjoin state officials from enforcing any state law"; and (ii) the children's claims could not be "fairly characterized as a 'defense' to the enforcement of any Arizona state statute or statutory procedure." *Id.* at 1354.

The standard for evaluating the application of *Younger* abstention has been clarified since *L.H*. *See Sprint*, 571 U.S. at 78. Indeed, a determinative issue in the MTD Order was whether the dependency proceedings fit "within either of the civil categories identified in *Younger*," which were identified and clarified in *Sprint*. Dkt. 120 at 9. Thus, the Ninth Circuit's holding in *L.H.* is not availing on the issue at hand. *See Jeremiah M.*, 695 F.Supp.3d at 1109–10 ("The Ninth Circuit has not addressed *Younger*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-06921 JAK (Ex) | Date | December 4, 2024 |
| Title | Ocean S., et al. v. Los Angeles County, et al. | | |

abstention in the foster care class action context since [*L.H.*], well before the Supreme Court's winnowing of Younger in [*Sprint*].").

For the foregoing reasons, the County Defendants have satisfied the second prong of Section 1292(b).

      c)      Material Advancement of Litigation

"The Ninth Circuit has not expressly defined material advancement of the ultimate termination of the litigation." *Williams*, 657 F. Supp. 3d at 1255. However, "neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (where reversal may take certain claims or parties out of case, it may materially advance the litigation).

Plaintiffs argue that if abstention were required based on a decision on the requested interlocutory appeal, it would not materially advance the litigation. Thus, they contend that if that occurred, "Plaintiffs would likely seek to amend their claims to address such a decision." Dkt. 123 at 16. The County Defendants argue that there is "no real dispute that reversal would narrow the case" and the application of *Younger* abstention "may even end it all together." Dkt. 128 at 14. Plaintiffs' contention that abstention may not require that all claims be dismissed is a reasonable position. However, the third prong of Section 1292(b) does not require that reversal on interlocutory appeal terminate the entire case in order to materially advance the litigation. *See Reese*, 643 F.3d at 688. It is sufficient that reversal on interlocutory appeal may streamline the litigation, including by precluding some claims. *Id.* If *Younger* abstention were deemed to apply, it would require dismissal of at least some of the pending claims. That would constitute a material advancement of the litigation.

      d)      Discretion to Deny

Plaintiffs finally argue that even if all three elements of Section 1292(b) are satisfied, the Court should exercise its discretion to deny the Motion. Dkt. 123 at 16. Specifically, Plaintiffs argue that abstention is an "exceptional circumstance," and exercising jurisdiction -- as was done in MTD Order -- is the norm. *Id.* (quoting *New Orleans Pub. Serv. Inc. v. Council of New Orleans*, 491 U.S. 350, 368 (1989)). Further, Plaintiffs argue that the Ninth Circuit recently rejected a similar interlocutory appeal in *Jeremiah M.*, and the County Defendants have not shown why a different result should be expected in this case. *Id.* at 17.

The County Defendants argue that everyone involved in the action would benefit from the clarity that would be provided if an interlocutory appeal proceeds on the merits. They also contend that denying leave to pursue such an appeal could result in the immense waste of time and resources used in this litigation if the MTD Order were to be reversed on an interlocutory appeal. Dkt. 121-1 at 15–16; Dkt. 128 at 15–16. With respect to the denial by the Ninth Circuit of interlocutory review in *Jeremiah M.*, the County Defendants argue that the corresponding order "said nothing about the appeal's merits or propriety of interlocutory review . . . Courts of Appeals decline review until they don't. That decision is for the Ninth Circuit." Dkt. 128 at 16.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV23-06921 JAK (Ex) | Date | December 4, 2024 |
| Title | Ocean S., et al. v. Los Angeles County, et al. | | |

Because all three factors under Section 1292(b) have been met and the Ninth Circuit has not addressed the merits of the issue presented, there is a sufficient basis to grant the Motion and leave to the Ninth Circuit the determination whether it will proceed with an interlocutory appeal.

**V.      Conclusion**

For the foregoing reasons, the Motion is **GRANTED**. This MTD Order is certified for interlocutory appeal. This certification does not stay the proceedings in this action; provided, however, that determination may be reviewed in the context of the specific elements of the proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer    DT