**NOT FOR PUBLICATION**

FILED

MAY 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCEAN S.; JACKSON K.; ROSIE S.; ERYKAH B.; JUNIOR R.; ONYX G.; MONAIE T., individually and on behalf of all others similarly situated,

Plaintiffs - Appellees,

v.

COUNTY OF LOS ANGELES; LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES; LOS ANGELES DEPARTMENT OF MENTAL HEALTH,

Defendants - Appellants,

and

CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES, Doctor MARK GHALY, Secretary of the California Health and Human Services Agency, CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, KIM JOHNSON, Director of the California Department of Social Services, MICHELLE BAASS, CALIFORNIA HEALTH AND HUMAN SERVICES AGENCY, CDSS Director

No. 25-1354

D.C. No. 2:23-cv-06921-JAK-E

MEMORANDUM*

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| |
|---|
| JENNIFER TROIA,<br><br>Defendants. |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted September 19, 2025
Pasadena, California

Before: CLIFTON, BYBEE, and LEE, Circuit Judges.

Plaintiffs in this case are a putative class of foster youth in Los Angeles County between the ages of 16 and 21, also referred to as "transition age foster youth." They allege that the County's foster care system has denied them "meaningful access to [] crucial housing, mental health, and other services to which they are legally entitled." Among other things, Plaintiffs argue that there are too few foster placements, that the placements are arbitrary, and that certain health services are unavailable, all in violation of the Constitution and various federal laws.

Defendants appeal from the district court's order denying their motion to dismiss for lack of subject matter jurisdiction. Defendants argue that Plaintiffs' lawsuit presents questions from which federal courts ought to abstain under *Younger v. Harris*, 401 U.S. 37 (1971). Defendants also argue that Plaintiffs lack standing under Article III of the Constitution because their alleged injuries are not

redressable.

A district court's decisions on standing and *Younger* abstention are reviewed de novo. *See Colwell v. Dep't of Health & Hum. Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009). Although denial of a motion to dismiss is a non-final order generally not subject to appeal, a permissive interlocutory appeal is allowed when a non-final order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and when "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). That is the case here. The district court certified its denial of Defendants' motion to dismiss for immediate appeal, and this court granted permission to appeal. Accordingly, we have jurisdiction, and we affirm in part and dismiss in part.

1. *Younger* abstention is not warranted in this case. Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). As such, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Id.* at 813. That includes *Younger* abstention, which the Supreme Court has clarified applies only to three types of cases: (1) "ongoing state criminal prosecutions"; (2) "certain civil enforcement proceedings"; and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts'

ability to perform their judicial functions." *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (citation modified). Relevant to the instant case is the second category, which "generally concern[s] state proceedings akin to a criminal prosecution." *Id.* at 79 (citation modified). The Court has further clarified that civil enforcement proceedings akin to a criminal prosecution typically involve state-initiated investigations that culminate in formal charges intended to sanction a plaintiff. *See id.* at 79–80.

California's dependency proceedings do not fall under this second category of cases. That is because an initial custody action, which is akin to a criminal prosecution, is conceptually distinct from the subsequent and ongoing dependency proceedings at issue here. *Cf. Moore v. Sims*, 442 U.S. 415, 423 (1979) (applying *Younger* abstention in the "temporary removal of a child in a child-abuse context"); *Sprint*, 571 U.S. at 79 (describing the underlying action in *Moore* as a "state-initiated proceeding *to gain custody of children*" (emphasis added)). On a previous occasion, this court has similarly treated an initial custody hearing as being conceptually distinct from subsequent proceedings. *See L.H. v. Jamieson*, 643 F.2d 1351, 1354 (9th Cir. 1981) (per curiam) ("[Plaintiffs'] cause of action arises *after* a court has committed a juvenile to the state's custody." (emphasis added)); *cf. Arevalo v. Hennessy*, 882 F.3d 763, 766 (9th Cir. 2018) (holding that *Younger* abstention on a bail hearing is inappropriate, as it is distinct from the

criminal prosecution).

Further, as the Supreme Court of California has recognized, dependency proceedings are "designed not to prosecute a parent, but to protect the child." *In re Josiah Z.*, 115 P.3d 1133, 1137 (Cal. 2005) (internal quotation marks omitted), *as modified* (Aug. 10, 2005). It has further concluded that "once reunification services [are] terminated," the juvenile court's efforts shift from being "on a parent's challenge to a custody order" to being about "the child's placement and well-being." *In re Marilyn H.*, 851 P.2d 826, 833 (Cal. 1993). For these reasons, we conclude that the ongoing dependency proceedings at issue here, unlike custody hearings, do not fit into the exceptional category of civil enforcement proceedings akin to a criminal prosecution that warrants *Younger* abstention. The district court's refusal to abstain under *Younger* is affirmed. We express no view regarding the applicability of other abstention doctrines, which the parties may raise in the future.

2. Reviewing the district court's ruling on standing would require us to consider allegations in a complaint that has since been superseded by a subsequent second amended complaint.[1] That subsequent complaint was filed after the district

---

[1] *Falck*'s conclusion that an amended complaint renders the prior complaint "a legal nullity" because the court may "no longer grant any effective relief," *Falck N. Cal. Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 765–66 (9th Cir. 2022), does not preclude us from reviewing and affirming the district court's refusal to abstain per *Younger*. That is because, while ascertaining standing and

court's order denying the motion to dismiss the previous complaint that is the subject of this interlocutory appeal. The new complaint dropped certain claims and added others, rendering the first amended complaint and the claims therein "no longer operative" and this court unable to "grant any effective relief." *Falck*, 25 F.4th at 765. Accordingly, the instant interlocutory appeal is dismissed as moot on the question whether Plaintiffs' alleged injuries are redressable so as to confer them Article III standing.[2]

---

whether Plaintiffs' alleged injuries are redressable requires a careful parsing of the various claims articulated in a complaint, the same is not true for our *Younger* abstention analysis. The latter analysis requires us to analyze and categorize the nature of the *entire* suit, regardless of the specific claims raised in various iterations of the complaint.

[2] The process followed in this case is disfavored and should be avoided. Although we accept that it was not so intended, presenting us with arguments focused on a complaint that had been superseded in the district court by a later amended complaint introduced substantial inefficiency on appeal and has likely delayed the entire proceeding.

In an order entered June 11, 2024, the district court considered and resolved multiple motions aimed at the then-operative first amended complaint. Those motions raised arguments based on *Younger* abstention and Plaintiffs' standing, among others. In granting the motions to dismiss on certain issues, the district court granted Plaintiffs leave to amend. Ten days later, on June 21, 2024, the County moved to certify the district court's June 11 order for immediate interlocutory appeal. That motion focused on the *Younger* abstention issue. In August, Plaintiffs filed a second amended complaint, which made substantial changes to the previously considered first amended complaint, including changes in the class and subclass definitions. The following month, the court heard argument on the motion to certify for immediate appeal. In December, the court granted that motion and certified for immediate appeal its June 11 order. By that time, however, the first amended complaint had been superseded by the second amended complaint.

**DISMISSED in part; AFFIRMED in part**.[3]

---

The parties presented arguments on appeal beyond the *Younger* abstention issue; notably, Defendants contend that Plaintiffs did not have standing. But the district court order certified for appeal was the June 11 order regarding the first amended complaint. Although we have taken time to consider the arguments made by the parties regarding standing, we dismiss that part of the appeal as moot.

[3] Each party shall bear its own costs on appeal.

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**

- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**

- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**

**A. Panel Rehearing:**

- A party should seek panel rehearing only if one or more of the following grounds exist:
  - A material point of fact or law was overlooked in the decision;
  - A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Rehearing En Banc**

- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - The proceeding involves a question of exceptional importance; or

- ➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**

- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**

- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**

- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**

- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**

- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)**

**Case Name**

Name of party/parties requesting costs to be taxed:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** **Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| **COST TAXABLE** | **REQUESTED** *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee/Appeal from District Court filing portion of fee ($5) | | | | $ |
| | | | **TOTAL:** | $ |

***Example:** *Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*