DAWYN R. HARRISON (State Bar No. 173855)
dharrison@counsel.lacounty.gov
WILLIAM BIRNIE (State Bar No. 268742)
wbirnie@counsel.lacounty.gov
EMILY GROSPE (State Bar No. 290182)
egrospe@counsel.lacounty.gov
Kenneth Hahn Hall of Administration
500 West Temple Street, Suite 648
Los Angeles, California 90012
Tel.: (213) 974-1811 | Fax: (213) 626-7446

LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
JASON H. TOKORO (State Bar No. 252345)
jtokoro@millerbarondess.com
FARBOD S. MORIDANI (State Bar No. 251893)
fmoridani@millerbarondess.com
MILLER BARONDESS, LLP
2121 Avenue of the Stars, Suite 2600
Los Angeles, California 90067
Tel.: (310) 552-4400 | Fax: (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES, THE
DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, and THE
DEPARTMENT OF MENTAL HEALTH

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

OCEAN S., *et al.*,

Plaintiffs,

v.

LOS ANGELES COUNTY, *et al.*,

Defendants.

**CASE NO. 2:23-cv-06921-JAK-E**

**COUNTY DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF PENDING MOTION TO DISMISS THE SAC**

[*Filed Concurrently with Declaration of Natalie J. Schachner, [Proposed] Order*]

Assigned to District Judge John A. Kronstadt, Crtrm 10C and Magistrate Judge Charles F. Eick, Crtrm. 750

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

**TO THE COURT, THE PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that Defendants County of Los Angeles, the Department of Children and Family Services, and the Department of Mental Health (collectively, the "County Defendants"), by and through their undersigned counsel, hereby apply *ex parte* to the Court for an order granting leave to file a supplemental brief of no more than ten pages in support of their pending Motion to Dismiss the Second Amended Complaint ("SAC") (Dkt. 138).

This Application is made pursuant to and in compliance with Local Rule 7-19. The *ex parte* relief sought is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Natalie J. Schachner ("Schachner Decl.") and exhibits attached thereto, the Proposed Order, and all pleadings and papers on file in this action.

Pursuant to Local Rule 7-19.1, on July 20, 2026, the County Defendants gave notice of the date and substance of this *ex parte* application and asked Plaintiffs if they would agree to supplemental briefing in light of the recent authorities the County Defendants brought to Plaintiffs' attention. (Schachner Decl. ¶ 7). Plaintiffs stated that they oppose the relief sought. The State Defendants stated they do not oppose this *ex parte* application. (*Id.*)

Counsel for Plaintiffs are as follows:

Grant Davis-Denny (SBN 229335)
Grant.Davis-Denny@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9513

Tara Ford (SBN 322049)
tford@publiccounsel.org
PUBLIC COUNSEL
610 South Ardmore Avenue

Los Angeles, California 90005
Telephone: (213) 385-2977

Sara Manimalethu (SBN 326441)
smanimalethu@alliancecr.org
ALLIANCE FOR CHILDREN'S RIGHTS
333 Wilshire Blvd., Suite 550
Los Angeles, California 90010
Telephone: 213) 368-6010

Leecia Welch (SBN 208741)
lwelch@childrensrights.org
CHILDREN'S RIGHTS
2021 Fillmore Street
San Francisco, California 94115
Telephone: (415) 602-5202

DATED: July 21, 2026

MILLER BARONDESS, LLP

By: ______________________________
FARBOD S. MORIDANI
Attorneys for Defendants
COUNTY OF LOS ANGELES,
THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, and
THE DEPARTMENT OF MENTAL HEALTH

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

## TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .......... 2

I. INTRODUCTION .......... 2

II. PROCEDURAL BACKGROUND .......... 3

III. THERE IS GOOD CAUSE FOR SUPPLEMENTAL BRIEFING .......... 5

IV. *EX PARTE* RELIEF IS WARRANTED .......... 7

V. CONCLUSION .......... 9

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The County Defendants respectfully request leave to file a supplemental brief of no more than ten pages to address important developments in the law that are directly pertinent to the their pending Motion to Dismiss the Second Amended Complaint ("SAC") (Dkt. 138). The County Defendants' proposed supplement brief (attached as Exhibit A to the Schachner Declaration) addresses three significant intervening legal developments occurring while this action was stayed pending an interlocutory appeal before the Ninth Circuit. Because the Court could rule on the Motion to Dismiss the SAC at any time, ordinary noticed motion practice is not possible, and it is imperative that the County Defendants be afforded an opportunity to address the impact of these intervening legal developments before the Court issues its decision.

***First***, on August 12, 2025, the Ninth Circuit decided *Wyatt B. v. Kotek*, 146 F.4th 1267 (9th Cir. 2025), confirming that the special relationship exception applies only to children in custody. (*See* Dkt. 138-1 at 23–24; Dkt. 177 at 7–8 (Motion to Dismiss arguments).)

***Second***, on June 18, 2026, the Department of Justice ("DOJ") Office of Legal Counsel ("OLC") issued an opinion (the "Opinion") concluding risk of institutionalization is not actionable under the Americans with Disabilities Act ("ADA") or the Rehabilitation Act ("RA"). (*See* Schachner Decl. Ex. B ("Application of the Rehabilitation Act and Americans with Disabilities Act to State Institutionalization of Patients with Severe Mental Illness or Disabilities," 50 Op. O.L.C. __ (June 18, 2026)).) This Opinion reverses the DOJ's prior position asserted in the Statement of Interest it submitted in this action (Dkt. 166)—and is directly relevant to Plaintiffs' claims premised on an integration mandate theory under the ADA and RA (Counts 7, 8). (*See* Dkt. 138-1 at 27–33; Dkt. 177 at 9–11.)

***Third***, on June 26, 2025, the United States Supreme Court decided *Medina v. Planned Parenthood South Atlantic*, 606 U.S. 357 (2025), holding that the Medicaid Act's any-qualified-provider/free-choice-of-provider provision (42 U.S.C. § 1396a(a)(23)(A)) does not confer an individually enforceable right under 42 U.S.C. § 1983. The Court reaffirmed that private Section 1983 suits to enforce spending-power statutes are available only in "atypical" cases where the statute uses clear and unambiguous rights-creating language directed at individuals. This decision bears directly on Plaintiffs' Section 1983 claims premised on the Medicaid Act (Count 6).

None of these developments had yet occurred when the Motion was briefed, when the Court stated its tentative views at the March 3, 2025 hearing, or before the Court issued the stay. (Dkts. 197; 204). The proposed supplemental brief, lodged concurrently as Exhibit A to the Schachner Declaration, would assist the Court in ensuring that it resolves the Motion based on the current state of the law.

## II. PROCEDURAL BACKGROUND

Plaintiffs—seven individuals who voluntarily entered extended foster care at the age of 18—filed this putative class action on August 22, 2023, asserting constitutional and statutory claims against the County of Los Angeles and various California state agencies and officials concerning the administration of the County's child welfare system. (Dkt. 1.) Plaintiffs filed a First Amended Complaint ("FAC") on September 21, 2023. (Dkt. 21.) On June 21, 2024, after the Court denied the County Defendants' Motion to Dismiss the FAC for lack of subject matter jurisdiction, the County Defendants filed a Motion to Certify for Interlocutory Appeal. (Dkt. 121.) On August 12, 2024, while the Motion to Certify was pending, Plaintiffs filed the operative Second Amended Complaint ("SAC"). (Dkt. 130-1.)

On September 23, 2024, the County and State Defendants filed Motions to Dismiss the SAC under Federal Rule of Civil Procedure 12(b)(6). (Dkts. 137; 138 (the "Motions to Dismiss").) On November 8, 2024, the DOJ filed a Statement of Interest supporting Plaintiffs' opposition to the Motions to Dismiss, contending that

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

the ADA's integration mandate renders risk of institutionalization actionable discrimination. (Dkt. 166.) The County Defendants filed a Response. (Dkt. 178.)

On December 4, 2024, this Court certified for appeal its Order regarding the Motion to Dismiss the FAC. (Dkt. 182.) The Ninth Circuit accepted the appeal on February 28, 2025, the Friday before the hearing on the pending Motion. (Dkts. 193; 197.) The Court opted to proceed with the hearing on the Motions to Dismiss, stating its tentative inclination to grant in part and deny in part. (Dkt. 197.) The Court also invited the parties to submit briefing on whether the action should be stayed in light of the appeal. (*Id.*) On March 26, 2025, this Court stayed all proceedings—including the Motions to Dismiss—pending completion of the interlocutory appeal. (Dkt. 204.)

On May 15, 2026, the Ninth Circuit issued a memorandum disposition in Case No. 25-1354 (Panel: Clifton, Bybee, Lee, JJ.), affirming this Court's ruling on *Younger* abstention and dismissing as moot the standing question on the grounds that the SAC had superseded the FAC. On May 26, 2026, the parties filed a Joint Report on the status of the appeal (Dkt. 234), proposing to meet and confer within one week of the issuance of the mandate. The Ninth Circuit's mandate issued on July 2, 2026 (Dkt. 236), formally ending the interlocutory appeal and lifting the stay.

On July 9, 2026, the parties met and conferred to discuss a new scheduling order. (Schachner Decl. ¶ 5.) During that meeting, the County Defendants informed Plaintiffs that they intended to request supplemental briefing on their pending Motion to Dismiss in light of significant intervening changes in the law that directly impacted the Motions. On July 20, Plaintiffs confirmed they would oppose an *ex parte* request for supplemental briefing. (*Id.* ¶ 7.)

The Motion to Dismiss the SAC is ripe for decision and remains pending before this Court. No final ruling has been entered.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

## III. <u>THERE IS GOOD CAUSE FOR SUPPLEMENTAL BRIEFING</u>

Courts permit supplemental briefing "where a party establishes good cause to warrant such briefing." *Fischer v. Kelly Servs. Glob., LLC*, No. 23-CV-1197 JLS (JLB), 2023 WL 8458786, at *1 (S.D. Cal. Nov. 6, 2023) (citation omitted). "Good cause exists where, for example, the briefing may make a substantive difference in the dispute under consideration." *Id.*; *see also, Hunt v. Washoe Cnty. Sch. Dist.,* No. 3:18-cv-00501-LRH-WGC, 2019 WL 4262510, at *3 (D. Nev. Sept. 9, 2019) (good cause for supplemental briefing exists "when the supplemental authorities control the outcome of the litigation" or when the authority "is precedential or is an authority that is particularly persuasive or helpful") (citation omitted.)

Courts in the Ninth Circuit routinely permit supplemental briefing when intervening authorities are published that bear on issues pending before the court. *See e.g., RG Abrams Ins. v. Law Offs. of C.R. Abrams*, 342 F.R.D. 461, 489 (C.D. Cal. 2022) ("[T]he undersigned expressly accepted, and granted leave for, the filing of Plaintiff's Supplemental Brief on the ground that it contained information that would inform the Court's decision on the [Motion]." ) (citation omitted); *Wishnev v. Nw. Mut. Life Ins. Co.,* 162 F. Supp. 3d 930, 936 (N.D. Cal. 2016), *vacated and remanded on other grounds*, 786 F. App'x 691 (9th Cir. 2019) (finding good cause for consideration of a recent intervening decision where it addressed a pending issue); *Bridge Aina Le'a, LLC v. Hawaii Land Use Comm'n*, 125 F. Supp. 3d 1051, 1060 (D. Haw. 2015), *aff'd sub nom. Bridge Aina Le'a, LLC v. Hawaii Land Use Comm'n,* 950 F.3d 610 (9th Cir. 2020) (supplemental briefing addressing an intervening decision caused no prejudice and obviated the need for a new motion); *Martinson v. Nat'l Collegiate Athletic Ass'n*, 804 F. Supp. 3d 1109, 1123 (D. Nev. 2025) ("[G]ood cause exists to grant leave to both the NCAA and Plaintiff to file supplemental authority, because both decisions are directly relevant to the issues in this case and were issued after the parties' briefing deadlines passed.").

That is the case here. The Ninth Circuit's decision in *Wyatt B.* is binding and directly pertinent to the County Defendants' argument that the special-relationship exception does not apply in this case because Plaintiffs are not in custody. (*See* Dkt. 138-1 at 23–24; Dkt. 177 at 7–8.) Similarly, the Supreme Court's decision in *Medina* requires dismissal of Plaintiffs' Medicaid claim because the provisions Plaintiffs invoke do not create individually enforceable rights. Finally, the DOJ's June 18, 2026 Opinion is both pertinent to the County Defendants' contention that risk of institutionalization is not actionable under the ADA or RA, and irreconcilable with the DOJ's prior position asserted in connection with the pending Motions to Dismiss. (*See* Dkt. 138-1 at 27–33; Dkt. 177 at 9–11.)

In light of these developments, there is no real dispute that "the briefing may make a substantive difference in the dispute under consideration." *Fischer*, 2023 WL 8458786, at *1. Good cause exists to permit supplemental briefing addressing the impact of these intervening authorities on the viability of the SAC.

Plaintiffs have opposed supplemental briefing on the grounds that these arguments should have been raised in the County's opening brief. (Schachner Decl. ¶ 6.) They were. The County Defendants argued that the special-relationship exception does not apply to Plaintiffs because they are not in custody. (*See* Dkt. 138-1 at 23–24.) The County Defendants also argued that risk of institutionalization is not actionable under the ADA and RA. (*See* Dkt. 138-1 at 27–33.) The supplemental briefing is intended to inform the Court about critical developments in the law as to arguments already made.

As to Medicaid, the County did not raise *Medina* in its earlier briefs because the case and the dispositive rule of law it announced did not yet exist. A party cannot waive an argument it does not yet have. *Oracle Am., Inc. v. Or. Health Ins. Exch. Corp.*, 145 F. Supp. 3d 1018, 1043-44 (D. Or. 2015) ("It is essential to waiver that the right allegedly waived exist at the time of the waiver; a party may not waive any right it does not yet have."); *United States v. Trent*, 2020 WL 1812214, at *1

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

(N.D. Cal. Apr. 9, 2020) ("It is impossible to 'knowingly' waive a right that does not yet exist").[1] Waiver has no application here.

There is no stronger basis for supplemental briefing than significant intervening precedent that bears directly on the issues before the Court. That is the case here with all three issues the County Defendants seek to address in their supplemental brief. Whatever the Court makes of these authorities, it should have the benefit of considering the complete legal landscape as it exists today, not as it existed fifteen months ago.

## IV. ***EX PARTE* RELIEF IS WARRANTED**

This Court's Standing Order contemplates supplemental briefing with the Court's permission. (*See* Dkt. 18, ¶ 9(d) ("No supplemental brief shall be filed without prior leave of Court.").) A regularly-noticed motion for leave to file supplemental briefing, however, would come too late because the Motion has already been briefed and the hearing held. A decision could issue at any moment.

The *ex parte* procedure is justified under several circumstances, including where "the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion[.]" *Horne v. Wells Fargo Bank, N.A.,* 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013); *Vega v. DNC Parks & Resorts at Asilomar, Inc.,* No. 1:19-cv-00484-ADA-SAB, 2023 WL 5153771, at *3 (E.D. Cal. Aug. 10, 2023); *see also, Moore v. Chase, Inc.*, No. 1:14-cv-01178-SKO, 2015 WL 4636750, at *2 (E.D. Cal. Aug. 3, 2015) ("[T]o be proper, an ex parte application must demonstrate good cause to allow the moving party to 'go to the head of the line in front of all other

[1] Plaintiffs' Counsel identified two opinions in support of their "waiver' argument. Both stand for the unremarkable proposition that a party generally may not use a supplemental brief to raise an argument that <u>could have been raised</u> in its opening brief. *See United States v. Hembree*, 381 F.3d 1109, 1110 (11th Cir. 2004); *Devereaux v. Abbey*, 263 F.3d 1070, 1079 (9th Cir. 2001). That principle has no application here, where two of the arguments <u>were</u> raised, and the third could not have been.

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400

litigants and receive special treatment'") (*citing Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A regularly-noticed motion would require at least 28 days' notice under the Local Rules. As of today's date, the next available hearing for any such motion is October 5, 2026. A regularly-noticed motion for supplemental briefing would occasion months of delay.

The timing itself establishes both good cause and irreparable prejudice. If the Court rules before considering these significant intervening authorities, the County Defendants will lose the opportunity to have the Motion decided under applicable, current law. *See Hostler v. Groves*, 912 F.2d 1158, 1161 (9th Cir.1990) ("[A] fundamental principle of our jurisprudence is that a court will apply the law as it exists when rendering its decision."). That prejudice cannot be remedied through ordinary motion practice because the purpose of supplemental briefing is to inform the Court's decision before it issues. Moreover, permitting limited supplemental briefing now promotes judicial economy by allowing the Court to consider controlling intervening authority before issuing its ruling, thereby avoiding unnecessary reconsideration proceedings, or alternatively an entire separate set of motion practice to raise the same arguments.

The potential prejudice extends beyond motion practice. This institutional reform action requires substantial discovery obligations, including extensive ESI, third-party discovery, expert discovery, and numerous depositions, that may prove unnecessary if dispositive legal issues are resolved first. Resolution of the Motion based on current, binding precedent may eliminate or substantially narrow the claims presently before the Court. For example, consideration of the intervening authorities could result in dismissal of Counts Fourth and Six through Eight, significantly narrowing the scope of class certification, expert discovery, and merits discovery. Resolving those legal issues now, before discovery proceeds further,

Miller Barondess, LLP
Attorneys at Law
2121 Avenue of the Stars, Suite 2600 Los Angeles, California 90067
Tel: (310) 552-4400 Fax: (310) 552-8400

conserves the resources of both the Court and the parties and furthers the just and efficient determination of this action.

Finally, the County Defendants bear no fault in creating the circumstances requiring *ex parte* relief. *Wyatt B.*, *Medina*, and the DOJ's new guidance did not exist at the time the County Defendants' Motion to Dismiss was briefed, and this action remained stayed until July 2, 2026. This *ex parte* application is the first available opportunity for the County Defendants to request permission to address intervening authorities that issued while the action was stayed.

## V. CONCLUSION

For the foregoing reasons, the County Defendants respectfully request that the Court grant this *ex parte* application, enter the Proposed Order filed herewith, and grant leave to file the lodged Proposed Supplemental Brief (Schachner Decl. Exhibit A).

DATED: July 21, 2026

MILLER BARONDESS, LLP

By: ______________________

FARBOD S. MORIDANI
Attorneys for Defendants
COUNTY OF LOS ANGELES,
THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES, and
THE DEPARTMENT OF MENTAL HEALTH

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
2121 AVENUE OF THE STARS, SUITE 2600 LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400 FAX: (310) 552-8400