Tara Ford (SBN 322049)
tford@publiccounsel.org
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089

Leecia Welch (SBN 208741)
lwelch@childrensrights.org
CHILDREN'S RIGHTS
2021 Fillmore Street
San Francisco, California 94115
Telephone: (415) 602-5202

Grant A. Davis-Denny (SBN 229335)
grant.davis-denny@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Sarah Manimalethu (SBN 326441)
smanimalethu@alliancecr.org
ALLIANCE FOR CHILDREN'S RIGHTS
3333 Wilshire Boulevard, Suite 550
Los Angeles, California 90010
Telephone: (213) 368-6010
Facsimile: (213) 368-6016

*Attorneys for Plaintiffs*

* *Additional counsel of record listed in the signature page.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION (LOS ANGELES)**

OCEAN S., et al.,

Plaintiffs,

v.

LOS ANGELES COUNTY, et al.,

Defendants.

Case No.: 2:23-cv-06921-JAK-E

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION**

Before: Hon. John A. Kronstadt
Pretrial Conference: TBD
Trial Date: TBD

# TABLE OF CONTENTS


**Page**

I. Introduction .......... 1

II. Procedural History .......... 1

III. Argument .......... 3

A. The Exacting Standard for Ex Parte Relief Is Not Met .......... 3

1. Ex Parte Relief Is Inappropriate Because The County Is Attempting To Raise New Issues Through Supplemental Briefing. .......... 4

(a) *Medina* Does Not Relate To Any Argument In The Pending Motions To Dismiss. .......... 5

(b) The OLC Memorandum Does Not Provide Controlling Authority On An Argument In The Pending Motions To Dismiss. .......... 6

(c) The County Defendants Have Not Established The Irreparable Prejudice Required For Ex Parte Relief. .......... 8

2. The County Defendants Have Not Established That They Are Without Fault In Creating Any Crisis Necessitating Ex Parte Relief. .......... 9

3. Rearguing Whether The Special Relationship Doctrine Applies Also Does Not Warrant Ex Parte Relief .......... 9

IV. Conclusion .......... 11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Cnty. of Santa Clara v. Trump*,
267 F.Supp.3d 1201 (N.D. Cal. 2017) ........ 8

*Devereaux v. Abbey*,
263 F.3d 1070 (9th Cir. 2001) ........ 4

*Fischer v. Kelly Servs. Glob., LLC*,
No. 23-CV-1197-JLS (JLB), 2023 WL 8458786 (S.D. Cal. Nov. 6, 2023) ........ 4, 11

*Greer v. Freemantle Prods.*,
622 F. Supp. 3d 1010 (D. Nev. 2022) ........ 10, 11

*Hammes Co. Healthcare, LLC v. Tri-City Healthcare Dist.*,
801 F. Supp. 2d 1023 (S.D. Cal. 2011) ........ 4, 10

*Hart v. Massanari*,
266 F.3d 1155 (9th Cir. 2001) ........ 8

*Hawai'i Disability Rts. Ctr. v. Kishimoto*,
2026 WL 562065, at *10 (D. Haw. Feb. 27, 2026) ........ 6

*Henry A. v. Willden*,
678 F.3d 991 (9th Cir 2012) ........ 11

*Hughes v. Pendleton*,
Case No. EDCV 13-1605, 2015 WL 13918495 (C.D. Cal. Mar. 25, 2015) ........ 9

*Immigrant Defenders Law Ctr. v. Noem*,
781 F. Supp. 3d 1011 (C.D. Cal. 2025) ........ 3

*In re Intermagnetics Am., Inc.*,
101 B.R. 191 (C.D. Cal. 1989) ........ 3, 4

*In re Social Media Adolescent Addiction/Personal Inj. Prods. Liab. Litig*,
No. 22-md-03047-YGR (PHK), 2025 WL 1427958 (N.D. Cal. May 19, 2025) ........ 4

*Katie A., ex rel. Ludin v. Los Angeles Cnty.*, 481 F.3d 1150 (9th Cir. 2007) ........ 6

*M.R. v. Dreyfus*, 697 F.3d 706 (9th Cir. 2012) ........ 8

*Medina v. Planned Parenthood South Atlantic*, 606 U.S. 357 (2025) ........ 1, passim

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488 (C.D. Cal. 1995) ........ 3

*Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999) ........ 6, 7, 8

*POP MART Americas Inc. v. 7-Eleven, Inc.*, 809 F. Supp. 3d 980 (C.D. Cal. 2025) ........ 3

*Powers v. McDonough*, 163 F.4th 1162 (9th Cir. 2025) ........ 8

*Thomas Weisel Partners LLC v. BNP Paribas*, No. 07-C-06198 MHP, 2009 WL 55946 (N.D. Cal. Jan. 7, 2009) ........ 8

*Tinsley v. Snyder*, 922 F.3d 957 (9th Cir. 2019) ........ 6

*United States v. Hembree*, 381 F.3d 1109 (11th Cir. 2004) ........ 4

*United States v. Scott*, 290 F. Supp. 2d 1201 (S.D. Cal. 2003) ........ 4

*Urban Outfitters, Inc. v. Dermody Operating Co.*, 572 F. Supp. 3d 977 (D. Nev. 2021) ........ 11

*Wyatt B. v. Kotek*, 146 F.4th 1267 (9th Cir. 2025) ........ 1, passim

*Wyatt B. v. Kotek*, No. 6:19-cv-00556-AA, 2024 WL 3200547 (D. Or. June 27, 2024) ........ 10

**FEDERAL STATUTES**

42 U.S.C. § 1396a(a)(23)(A) ........ 5, 6

42 U.S.C. § 1983 .......... 5, 6

Americans with Disabilities Act .......... 6, 7, 8

Medicaid Act .......... 5

Rehabilitation Act .......... 6, 7, 8

**FEDERAL RULES**

Fed. R. Civ. P. 12(c), 56 .......... 8

**FEDERAL REGULATIONS**

28 C.F.R. § 35.130(d) .......... 8

**CONSTITUTIONAL PROVISIONS**

Fourteenth Amendment .......... 2

## I. Introduction

Supplemental briefing on the second round of motions to dismiss is not warranted. Briefing on those motions was completed in November 2024, and the Court provided its tentative opinion on those motions during a March 2025 hearing before the case was stayed pending the County Defendants' interlocutory appeal. Over a year later, the Ninth Circuit has affirmed this Court's *Younger* abstention holding and the case is no longer stayed. The Court can and should issue its final opinion on the motions to dismiss. The County Defendants, however, now seek another bite at the apple through an ex parte request for supplemental briefing. But their ex parte application does not establish good cause for this relief. Neither *Medina v. Planned Parenthood South Atlantic*, 606 U.S. 357 (2025) nor the Office of Legal Counsel's June 18, 2026 Memorandum Opinion for the Counsel to the President ("OLC Memorandum") provides new controlling or even persuasive authority on any argument raised in the motions to dismiss. And as for *Wyatt B. v. Kotek*, 146 F.4th 1267 (9th Cir. 2025), that decision undermines, rather than supports, the County's attempt to relitigate whether Plaintiffs are in a special relationship with state and local agencies and thus entitled to substantive due process protections. The Court should deny the ex parte application and enter its decision on the motions to dismiss based on the previously submitted briefing and argument so that the parties can proceed with discovery in light of the claims that remain in the case.

## II. Procedural History

Plaintiffs filed their First Amended Complaint ("FAC") on September 21, 2023. Defendants filed numerous motions to dismiss the FAC, including the County Defendants' motions to dismiss for lack of jurisdiction and failure to state a claim. Dkts. 51, 52 (Nov. 29, 2023). The Court denied the County's motion to dismiss based on *Younger* abstention and other jurisdictional arguments while denying in part and granting in part the County's motion to dismiss Plaintiffs' individual claims. Dkt. 120 at 29-30. As relevant here, the Court's order held that Plaintiffs were in a special

relationship with the State so as to trigger substantive due process protections under the Fourteenth Amendment. Dkt. 120 at 18.

The Court gave Plaintiffs leave to file a second amended complaint ("SAC"), which they did on August 12, 2024 (as corrected on August 16, 2024). Dkts. 129 and 130. The County Defendants moved to dismiss the SAC and the briefing on that motion concluded in November 2024. *See* Dkt. 177 (Nov. 27, 2024) (County's reply brief in support of motion to dismiss SAC). The Court held a hearing on the motions on March 3, 2025. Dkt. 197 (minute order on motion hearing). At the hearing, the Court observed that the County and State Defendants' motions to dismiss the SAC have been the subject of "extensive briefing," orally shared the Court's tentative opinions on those motions, and gave the parties a thorough opportunity to argue their positions. Mar. 3, 2025 Hearing Tr. at 6.

On March 26, 2025, the Court stayed the litigation pending the conclusion of an interlocutory appeal by the County Defendants. Dkt. 204 (Mar. 26, 2025) (Order Re stay pending interlocutory appeal). The County Defendants had petitioned for permission to file their interlocutory appeal based on their position that the district court had erroneously held that *Younger* abstention did not apply. *See* Dkt. 121-1 (June 21, 2024) (Brief in support of County's motion to certify for immediate appeal order denying MTD). On May 15, 2026, the Ninth Circuit affirmed the district court's ruling that *Younger* abstention is inapplicable to this case. Case No. 25-1354, Dkt. 78.1 (9th Cir. May 15, 2026). On July 2, 2026, the Ninth Circuit issued its mandate, Dkt. 236, which ended the interlocutory appeal and effectively lifted the district court's stay order.

On July 9, 2026, the parties met and conferred regarding a new case schedule and settlement possibilities. *See* Dkt. 235 (ordering the meet and confer). During that conference, County Defendants informed Plaintiffs that they wanted to file supplemental briefs on *Medina* and the OLC memorandum, but did not identify *Wyatt B.* as a topic for supplemental briefing. Declaration of Grant Davis-Denny at ¶ 2.

They proposed a four-week briefing schedule. *Id*. On July 15, 2026, Plaintiffs circulated a draft Joint Report, which included their position opposing supplemental briefing on *Medina* and the OLC Memorandum because they did not bear on any argument raised in the pending motions to dismiss. *Id*. at ¶ 3. On July 20, 2026, County Defendants informed Plaintiffs for the first time that they were intending to seek ex parte relief and that they would seek supplemental briefing on *Wyatt B.*, in addition to briefing on *Medina* and the OLC Memorandum. *Id*. at ¶ 4. Plaintiffs informed the County Defendants that same day that they opposed the ex parte application. *Id*.

## III. ARGUMENT

### A. The Exacting Standard for Ex Parte Relief Is Not Met

"In this District, ex parte applications are solely for extraordinary relief and are rarely justified." *POP MART Americas Inc. v. 7-Eleven, Inc.*, 809 F. Supp. 3d 980, 988 (C.D. Cal. 2025) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)); *accord Immigrant Defenders Law Ctr. v. Noem*, 781 F. Supp. 3d 1011, 1032 (C.D. Cal. 2025) ("Ex parte applications are nearly always improper, and the opportunities for legitimate ones are extremely limited." (citation omitted)); *see also* Dkt. 18 (Standing Order for Civil Cases Assigned to Judge John A. Kronstadt, Ex. A ¶ 3, "Ex parte applications are solely for extraordinary relief and should be used with discretion."). A party seeking ex parte relief must show that: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

This demanding standard reflects the fact that ex parte applications can "impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D.

Cal. 1989). Such applications "are not intended to save the day for parties who have failed to present requests when they should have, and should not be used as a way to 'cut in line' ahead of those litigants awaiting determination of their properly noticed and timely filed motions." *Id.* As such, courts regularly reject ex parte applications seeking leave to file supplemental briefing. *See, e.g.*, *United States v. Scott*, 290 F. Supp. 2d 1201, 1209 (S.D. Cal. 2003).

The County Defendants fail to satisfy this exacting standard. No prejudice to the County would result from deciding the motion on the briefing already submitted, nor is there any "crisis" that supplemental briefing would help resolve.

### 1. Ex Parte Relief Is Inappropriate Because The County Is Attempting To Raise New Issues Through Supplemental Briefing.

The County Defendants' ex parte application improperly seeks to use supplemental briefing to raise new arguments based on *Medina* and the OLC Memorandum.

Supplemental briefing is allowed only upon a showing of good cause. *Hammes Co. Healthcare, LLC v. Tri-City Healthcare Dist.*, 801 F. Supp. 2d 1023, 1027 n.1 (S.D. Cal. 2011). "Good cause exists where, for example, the briefing may make a 'substantive difference' in the dispute under consideration." *Fischer v. Kelly Servs. Glob., LLC*, No. 23-CV-1197-JLS (JLB), 2023 WL 8458786, at *1 (S.D. Cal. Nov. 6, 2023) (citation omitted). But supplemental briefing is not an appropriate mechanism for injecting new issues into a pending motion. *See United States v. Hembree*, 381 F.3d 1109, 1109 (11th Cir. 2004) (holding, on appeal, that "a party may not raise through a supplemental brief an issue not previously raised in his principal brief"); *Devereaux v. Abbey*, 263 F.3d 1070, 1079 (9th Cir. 2001) ("an issue will … be deemed waived if it is raised for the first time in a supplemental brief"). Good cause also does not exist where, for example, a party merely "prefer[s] to submit more argument on the[] issues" despite having "address[ed] the issues fulsomely in the original briefing." *In re Social Media Adolescent Addiction/Personal Inj. Prods. Liab. Litig*, No. 22-md-

03047-YGR (PHK), 2025 WL 1427958, at *11 (N.D. Cal. May 19, 2025), *motion for relief from judgment granted in part on other grounds*, 2025 WL 4076605 (N.D. Cal. Dec. 9, 2025).

**(a) *Medina* Does Not Relate To Any Argument In The Pending Motions To Dismiss.**

*Medina* is inapposite to any argument Defendants made in their motions to dismiss the SAC. *Medina* held that Medicaid's "any qualified provider" provision, 42 U.S.C. § 1396a(a)(23)(A), is not enforceable through a private action brought under 42 U.S.C. § 1983. 606 U.S. at 377–80. The County Defendants seek to extend *Medina* to the Medicaid Early and Periodic Screening, Diagnostic, and Treatment ("EPSDT") provisions at issue here, and to argue that there is no private right of action to remedy violations of those provisions.

Defendants, however, did not contend in their motions to dismiss the SAC that there is no private right of action to enforce Medicaid's EPSDT provisions. *See* Dkt. 138-1 (County's memorandum in support of its motion to dismiss the SAC) at 25–27; Dkt. 137 (State's memorandum in support of its motion to dismiss the SAC) at 23–24. Instead, the County's arguments for dismissing the EPSDT claim were that Plaintiffs failed to allege that California's Medicaid plan included mobile crisis services and failed to plead the elements of municipal liability under *Monell*. The State argued that Plaintiffs' allegations against it were based on protected petitioning activity or were insufficient to connect the State Defendants to the alleged Medicaid Act violations. Dkt. 137 at 13, 24. None of those arguments turned on whether Section 1983 provides a private right of action to enforce the EPSDT provisions.

County Defendants' ex parte application does not attempt to link *Medina* to an argument raised in their pending motion to dismiss. Instead, they contend that the "decision bears directly on Plaintiffs' Section 1983 claims premised on the Medicaid Act." *See* Dkt. 238 at 3. But whether *Medina* relates to one of Plaintiffs' claims is not the question; the issue is whether it relates to an argument raised in the County's

motion to dismiss. It does not. The County's other argument is that *Medina* did not exist at the time it moved to dismiss. *Id*. at 6-7. That too is inconsequential to the outcome here because the County has not challenged the EPSDT claim on the ground that there is no private right of action for such claims.

Moreover, contrary to the County's premise, Medina did not hold (or even address) that the EPSDT provisions are unenforceable. Rather, it construed an entirely different Medicaid provision—the any-qualified provider provision, 42 U.S.C. § 1396a(a)(23)(A). *See Medina*, 606 U.S. at 377–80. Existing Ninth Circuit precedent, which *Medina* left undisturbed, holds that the EPSDT provisions at issue here are privately enforceable through Section 1983. *See B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 975 (9th Cir. 2019); *Katie A., ex rel. Ludin v. Los Angeles Cnty.*, 481 F.3d 1150, 1153–59 (9th Cir. 2007). And in a thorough and well-reasoned post-*Medina* decision, a district court within this Circuit rejected the new argument that the County seeks to make, concluding: "Because the EPSDT Provisions at Issue utilize mandatory, individually-focused language with right-creating terms, this Court concludes that Congress has unambiguously conferred upon eligible individuals a right to enforce the EPSDT Provisions at Issue through Section 1983, satisfying the rigorous standard set forth in *Medina*." *Hawai'i Disability Rts. Ctr. v. Kishimoto*, No. CIV. 18-00465 LEK-KJM, 2026 WL 562065, at *10 (D. Haw. Feb. 27, 2026).

**(b) The OLC Memorandum Does Not Provide Controlling Authority On An Argument In The Pending Motions To Dismiss.**

The OLC Memorandum also does not meaningfully impact any arguments Defendants raised in their motions to dismiss the SAC.

The OLC Memorandum opines that *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999) did not conclusively resolve whether the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") impose an integration mandate; that the ADA and RA do not impose the integration mandate; and that current regulations setting forth the integration mandate misinterpret those statutes. *See* OLC

Memorandum at 38–39.

But Defendants' motions to dismiss did not challenge the legality of the integration mandate regulations. Dkt. 138-1 at 27–33; Dkt. 137 at 9, 25–26. The County instead moved to dismiss the ADA and RA claims on the basis that Plaintiffs allegedly had not pled that they are institutionalized, that a risk of institutionalization is insufficient to maintain an integration-mandate claim, and that Plaintiffs did not adequately plead such a risk. Dkt. 138-1 at 27–33. The State argued that Plaintiffs failed to tie the alleged integration-mandate violations to the State Defendants' conduct and that the individual State Defendants should be dismissed as redundant of the state-agency defendants. Dkt. 137 at 9, 25–26. Neither Defendant argued in their pending motions that the integration mandate is unlawful, which is the OLC Memorandum's key conclusion.

The County attempts to link the OLC Memorandum to their argument on risk of institutionalization based on a footnote in the memorandum. *See* Dkt. 238-2 at 7 (citing Dkt. 238-3 at 35 n.23). But in that footnote, the OLC Memorandum expressly acknowledged that the Department of Justice's previous risk-of-institutionalization guidance was "beyond the scope of this opinion." Dkt. 238-3 at 35 n.23. While it opined in a single sentence that this guidance "too must fall," that was based solely on its conclusion that the integration mandate regulations as a whole are unlawful—an issue that the County did not raise in its pending motion to dismiss. *See id.*

The OLC Memorandum also does not provide good cause for ex parte relief because it is not binding authority and because it contradicts authority that is binding on this Court. The OLC Memorandum is an opinion letter written by an office of an executive branch agency, not a Ninth Circuit or Supreme Court decision. And as the Memorandum acknowledges, its "view of *Olmstead*'s import is out of step with the common understanding of that decision within the federal courts." Dkt. 238-3 at 11. In particular, "the vast majority of federal courts of appeals treats as binding the [*Olmstead*] plurality's statements that Title II 'require[s]' deinstitutionalization when

the three listed factors are met." *Id*. For that proposition, the OLC Memorandum cited, in part, the Ninth Circuit's decision in *Powers v. McDonough*, 163 F.4th 1162, 1187-88 (9th Cir. 2025). In *Powers*, the Ninth Circuit recognized and applied the RA's integration mandate regulation, 28 C.F.R. § 35.130(d); recognized that *Olmstead* "held that covered entities 'are required to provided community-based treatment'" when the decision's criteria are met; and reaffirmed that "a plaintiff need only show . . . a serious risk of institutionalization" in order "[t]o prove an *Olmstead* claim." *Id*. (quoting *Olmstead*, 527 U.S. at 607 and *M.R. v. Dreyfus*, 697 F.3d 706, 734 (9th Cir. 2012). This Court of course is bound by the Ninth Circuit's holdings and not by the contradictory views expressed in an executive branch office's opinion letter. *See Hart v. Massanari*, 266 F.3d 1155, 1170–73 (9th Cir. 2001) ("A district judge may not . . . disagree with . . . [the] court of appeals [that has] ruled on a controlling legal issue . . . ."); *Cnty. of Santa Clara v. Trump*, 267 F.Supp.3d 1201, 1209 (N.D. Cal. 2017) (referencing federal government's admission that a Department of Justice Attorney General memorandum is not controlling authority that bound the district court).

**(c) The County Defendants Have Not Established The Irreparable Prejudice Required For Ex Parte Relief.**

If the Court denies ex parte relief and does not consider and decide the *Medina* and OLC Memorandum arguments, the County Defendants could raise those issues, if appropriate, through a motion for judgment on the pleadings or a motion for summary judgment. *See* Fed. R. Civ. P. 12(c), 56. The County Defendants' ex parte application does not attempt to explain why either type of motion would fail to provide them with an effective method for seeking dismissal of the EPSDT, ADA, and RA claims. To the extent that County Defendants' concern is that they will have to comply with their discovery obligations between now and the date the Court would decide such motions, that is not "irreparable prejudice" and does not justify forcing Plaintiffs to brief new issues with such important implications for their claims on an abbreviated timeline. *See Thomas Weisel Partners LLC v. BNP Paribas*, No. 07-C-06198 MHP, 2009 WL

55946, at *3 n.2 (N.D. Cal. Jan. 7, 2009) (holding that the defendants' "merely cit[ing] the requirement to meet their discovery obligations as the 'irreparable prejudice'" was "not the circumstances under which an *ex parte* application is appropriate). Conversely, continued delays create a significant risk of increased levels of homelessness, mental illness, and other serious harms to Plaintiffs and the putative class members.

**2. The County Defendants Have Not Established That They Are Without Fault In Creating Any Crisis Necessitating Ex Parte Relief.**

Each of the three developments that the County Defendants seek to raise through supplemental briefing occurred before the Ninth Circuit issued its mandate and the stay ended on July 2, 2026. The County, however, did not immediately file a noticed motion or an application for ex parte relief following the stay's conclusion. Instead, the County waited nineteen days to file the instant application, seven days to raise with Plaintiffs their requests for supplemental briefing on the *Medina* and OLC Memorandum, and eighteen days to notify Plaintiffs of their requests for supplemental briefing on *Wyatt B*. In these circumstances, County Defendants "have not established that they are without fault in creating the crisis that allegedly requires ex parte relief." *Hughes v. Pendleton*, Case No. EDCV 13-1605, 2015 WL 13918495 at *1 (C.D. Cal. Mar. 25, 2015) (finding that a delay of two weeks in filing an ex parte after learning of the relevant development did not establish the ex parte applicant's lack of fault).

**3. Rearguing Whether The Special Relationship Doctrine Applies Also Does Not Warrant Ex Parte Relief**

The County's ex parte application represents its third attempt to convince this Court to dismiss Plaintiffs' substantive due process claim. Each time, the County has pressed the same custody-based argument. *Compare* Dkt. 52-1 [County MTD FAC] at 7 (arguing that "[t]he 'special relationship' exception applies only to persons in custody") *and* Dkt. 138-1 [County MTD SAC] at 23 ("reassert[ing] that substantive due process does not apply" because "the special relationship with a foster youth

terminates when custody terminates") *with* Dkt. 238 [Ex Parte App.] at 2 (arguing "the special relationship exception applies only to children in custody"). This Court has already rejected this argument once, based on the reasoned application of clear circuit precedent, *see* Dkt. 120 at 17–18, and should resist the County's ongoing, improper efforts to move for reconsideration under a different guise. *Cf. Hammes Co.*, 801 F. Supp. 2d at 1027 n.1 (denying ex parte motion for leave to file supplemental brief for failure to establish good cause, where party already "had three bites at the opposition apple"); *Greer v. Freemantle Prods.*, 622 F. Supp. 3d 1010, 1015 (D. Nev. 2022) (denying leave where supplemental briefing "merely restates the same arguments [previously] raised").

Good cause does not exist for the Court to order and consider yet another round of briefing on this same special relationship issue. *Wyatt B.*, the case on which the County premises its request for extraordinary relief, did not change Ninth Circuit law, but rather applied that law to a new circumstance that is not relevant here and that does nothing to aid the argument that the County seeks to rehash. In *Wyatt B.*, the Ninth Circuit held that the special relationship exception applied to foster children who were placed in the physical custody of their birth parents but remained in the state's legal custody. 146 F.4th at 1275. In doing so, the appellate court rejected the district court's position, which the County Defendants have previously relied upon, that the birth parents' physical custody necessarily meant that the State of Oregon was not in a special relationship with the foster children. *See* Dkt. 138-1 at 23 (County Defendants' MTD SAC) (citing *Wyatt B. v. Kotek*, No. 6:19-cv-00556-AA, 2024 WL 3200547 at *4 (D. Or. June 27, 2024)). Under those circumstances, the Ninth Circuit held that Oregon's "legal custody" of the children sufficed to establish the special relationship. But *Wyatt B.* did not hold that in order to be in a special relationship, transition-aged foster youth must be in the state's "legal custody." To the contrary, *Wyatt B.* reaffirmed that under longstanding Ninth Circuit precedent, the special relationship exception applies "where, as here, the state assumes ultimate responsibility to provide

for a child's basic needs." 146 F.4th at 1278 n.6 (citing *Henry A. v. Willden,* 678 F.3d 991, 1000 (9th Cir 2012). *Wyatt B.* also parenthetically quoted *Henry A.'s* holding that the "special relationship doctrine applies to children in foster care," a quotation that this Court also relied on in holding that "the special relationship exception applies to all transition foster care youth, including nonminor dependents." Dkt. 120 at 18.

In sum, because *Wyatt B.* did not change the legal principles on which this Court relied in finding that the special relationship exception applies here, it does not provide good cause for supplemental briefing, which would make no "substantive difference in the dispute under consideration." *Fischer*, 2023 WL 8458786, at *1 (citation omitted); *see also Urban Outfitters, Inc. v. Dermody Operating Co.*, 572 F. Supp. 3d 977, 985 (D. Nev. 2021) (denying leave to file supplemental briefing on a case that "did not introduce a new development in Nevada law"); *Greer*, 622 F. Supp. 3d at 1015 (no good cause for supplemental briefing where there was no "new development in the law following the close of a filing deadline").

## IV. CONCLUSION

The pending motions to dismiss already have been the subject of "extensive briefing." Mar. 3, 2025 Hearing Tr. at 6. The interlocutory appeal and the associated stay have delayed this case by sixteen months, and this case has been pending in the pleading stage for nearly three years. Now that the stay has elapsed, the Court should enter an order on the motions to dismiss without the further delay that supplemental briefing would entail. A ruling on the pending motions will provide the parties with needed guidance so that they can proceed with discovery on the remaining claims and amend the pleadings if necessary. The ex parte application should be denied.

Respectfully submitted,

DATED: July 22, 2026

MUNGER, TOLLES & OLSON LLP

By: */s/ Grant A. Davis-Denny*

Grant A. Davis-Denny
*Attorneys for Plaintiffs*

## *ADDITIONAL ATTORNEYS OF RECORD

**Plaintiffs**

Kathryn Eidmann (State Bar No. 268053)
keidmann@publiccounsel.org
Mark R. Rosenbaum (State Bar No. 59940)
mrosenbaum@publiccounsel.org
Amanda Mangaser Savage (State Bar No. 325996)
asavage@publiccounsel.org
Rachel Stein (State Bar No. 257411)
rstein@publicounsel.org
Natalie Garnica (State Bar No. 320230)
ngarnica@publiccounsel.org
Alero Egbe (State Bar No. 349753)
aegbe@publiccounsel.org
Amelia Piazza (State Bar No. 342473)
apiazza@publiccounsel.org
Katrina Landeta (State Bar No. 361200)
klandeta@publiccounsel.org
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, California 90071-3426
Telephone: (213) 385-2977
Facsimile: (213) 385-9089

Stephanie Persson (New York Bar No. 5469648) (Pro hac vice)
spersson@childrensrights.org
Rebecca Ritchin (New York Bar No. 6015069) (Pro hac vice)
rritchin@childrensrights.org
Asha L. Menon (New York Bar No. 5929252) (Pro hac vice)
amenon@childrensrights.org
CHILDREN'S RIGHTS
88 Pine Street, Suite 800
New York City, New York 10005
Telephone: (212) 683-2210

William D. Temko (State Bar No. 98858)
william.temko@mto.com
Peter Gratzinger (State Bar No. 228763)
peter.gratzinger@mto.com
Carl Jiang (State Bar No. 355258)
carl.jiang@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 11-6.2, the undersigned, counsel of record for Plaintiffs certifies that this brief contains 3,802 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 22, 2026

Respectfully submitted,

By: */s/ Grant A. Davis-Denny*

Grant A. Davis-Denny
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

*Attorney for Plaintiffs*